### 1973. MANUS *v.* THE STATE.

The license or certificate issued by the ordinary to a Confederate veteran, which permits him to peddle without paying county and municipal license taxes, does not relieve him from the payment of the tax of $200 imposed by the State upon retail dealers in "near beer." By the terms of the tax act of 1908 (Acts 1908, p. 1112) all exemptions from the payment of this special tax are prohibited.

Certiorari; from Fulton superior court—Judge Ellis.   May 25, 1909.

Argued July 14, 1909.—Decided February 10, 1910.

*Anderson, Felder, Rountree & Wilson,* for plaintiff in error.

*C. D. Hill, solicitor-general, Lowry Arnold, solicitor, D. K. Johnston,* contra.

RUSSELL, J.   The only question raised by the record in this case is whether a Confederate veteran, who has been granted a certificate in accordance with the act of 1897 (Acts 1897, p. 24), to peddle and conduct business free from the imposition of any municipal or county tax, is entitled, within the limits of a municipal corporation, to sell "near beer" without paying a State license fee of $200 imposed by the act of 1908.   This court decided in the case of *Burch* v. *Ocilla, 5 Ga. App.* 65 (62 S. E. 666), that a veteran might sell non-intoxicating "near beer" without the payment of a municipal tax.   That case, however, arose prior to the passage of the act of 1908 (Acts 1908, p. 1112) regulating the sale of such beer.   It is manifest, from the language used in the act of 1908, that it was the express purpose of the General Assembly to withdraw, even from Confederate veterans, as to the sale of "near beer," the privilege which they had previously enjoyed with regard to non-intoxicating drinks and merchandise in general. The language of that act, or so much of it as relates to this subject, is as follows: "That no person whomsoever shall be exempt from the duty of obtaining such licenses and paying said license fees required in the first three sections of this act, and that nothing in this act contained shall ever be held, taken, or construed to authorize the sale of any beverage, drink, or liquor now prohibited by law."   Of course, a Confederate veteran holding a certificate from the ordinary entitling him to peddle and conduct other business has never been permitted to sell spirituous liquors of any kind under the authority conveyed by this certificate or license; and therefore it is to be assumed that the "near beer" which the plaintiff in error sought to sell without paying the State license was non-intoxicating.   Consequently, prior to the passage of the act of 1908, a Confederate veteran could sell a non-intoxicating "near beer" or imitation of beer without the payment of any tax whatever.   The legislature had a right to fix a policy for the State as to the sale of "near beer" or other substitutes for or imitations of intoxicating

liquors.    The grant of the privileges authorized by the act of 1897 did not give the holders of veterans' licenses or certificates a vested right in an exemption not included within the terms of the original grant.    The act of 1897 dealt only with the subject of municipal and county taxes, and did not relate to the subject of State taxation or State license.    There is nothing in the argument that a repeal of the act of 1897 can not be effected by implication.  · We approve the rule that repeals by implication are never favored, but we do not concur in the opinion that the placing of a State tax upon an article effects a repeal of the privilege granted, by which the holder of a Confederate veteran's certificate is relieved only from the payment of municipal and county license taxes.    The judge of the superior court, therefore, did not err in denying the certiorari.

A Confederate veteran has all that was granted to him originally by the act of 1897, and the mere fact that the State has imposed a State tax, or may hereafter impose a State tax, upon certain articles upon which it has hitherto forborne to impose a license fee does not legally affect the rights heretofore conveyed by the license to a Confederate soldier.    The purpose of the act of 1897 was to give to the Confederate veteran who was entitled to the ordinary's certificate the distinct advantage of relief from the payment of county and municipal taxes as to those articles upon the sale of which others might be taxed.    He still possesses that advantage unimpaired; for all others must pay the State license fee of $200 as well as himself, and in addition must pay any county or municipal tax which may be imposed upon the sale of "near beer."

*Judgment affirmed.*