## 15944.   MILLS *v.* THE STATE.

The first count of the accusation, alleging that the accused, "being a dealer engaged in selling cigarettes and cigars at retail," failed "to affix to each package of cigarettes and to each box, package, and other container of cigars, a stamp and stamps, furnished by the Commissioner of Revenue of Georgia, evidencing the payment of the tax of ten per centum of the sales at retail of each package," etc., was subject to demurrer on the ground that it failed to charge a sale or offer to sell.   The second count was not subject to the demurrer.

DECIDED DECEMBER 9, 1924.

Accusation of misdemeanor; from city court of Bainbridge— Judge Spooner.   September 19, 1924.

The first count of the accusation "charges and accuses A. H. Mills with the offense of a misdemeanor, for that the said A. H. Mills, on the 3d day of September in the year 1924, in the county aforesaid, did then and there unlawfully and with force and arms, being a dealer engaged in selling cigarettes and cigars at retail, fail to affix to each package of cigarettes and to each box, package, and other container of cigars, a stamp and stamps, furnished by the Commissioner of Revenue of Georgia, evidencing the payment of the tax of ten per centum of the sales at retail of each package of

cigarettes and each box, each package, and each container of cigars, imposed and required by the laws of Georgia, and did fail to cancel such stamps before said cigarettes and said cigars are offered for sale; contrary to the laws of said State, the good order, peace, and dignity thereof."

The second count "charges and accuses A. H. Mills with the offense of a misdemeanor, for that the said A. H. Mills, on the 3d day of September in the year 1924, in the county aforesaid, did then and there unlawfully and with force of arms, being a dealer engaged in selling cigarettes and cigars at retail, sell and offer for sale cigarettes and cigars at retail without first paying the tax of ten per centum of the sales price at retail of each package of cigarettes, and each cigar sold and offered for sale by such dealer, as required by the laws of Georgia, and without affixing to each package of cigarettes and to each box, each package, and each other container of cigars, a stamp and stamps furnished by the Commissioner of Revenue of the State of Georgia, evidencing the payment of the tax of ten per centum of the sales price at retail of each package of cigarettes and each cigar sold by such dealer, as required by the laws of Georgia, and without cancelling such stamps before said cigarettes and cigars were offered for sale, as required by the laws of Georgia; contrary to the laws of said State," etc.

The defendant demurred to the first count on the ground that no crime is charged therein; that "the law simply makes a failure to stamp or to cancel such stamps prima facie evidence of an illegal sale of such cigars and cigarettes, but the law does not make it a crime to fail to attach stamps or to cancel the same; and said count fails to charge a sale or offer to sell." To the second count the defendant demurred on the ground that it "does not charge a crime, and simply pleads the prima facie evidence of the State." To each count the defendant demurred on the ground that it fails to allege what box, package, or container was not stamped, or what stamps on each package were not cancelled as required by law, and fails to allege to whom the cigars or cigarettes were sold.

*T. S. Hawes,* for plaintiff in error.

*M. E. O'Neal, solicitor,* contra.

BLOODWORTH, J. The accusation in this case is based upon the act "to levy a tax upon dealers in cigarettes and cigars, . . to require the use of stamps as evidence of the payment thereof," etc.,

approved August 15, 1923 (Ga. L. 1923, p. 39); amended 1924 (Ga. L. 1924, p. 25). This statute, being penal, must be strictly construed. The gist of the offense, as shown by the act itself, is the selling or offering to sell cigarettes or cigars "without complying with the provisions of this act." What are the provisions of the act the violation of which is made penal? (a) The person, firm, or corporation accused must be engaged "in selling cigarettes and cigars at retail." (b) "It shall be the duty of each dealer to affix to each package of cigarettes and each cigar a stamp, or stamps, furnished by said comptroller-general, evidencing the payment of the tax imposed by this act, and to cancel such stamps, before such cigarettes or cigars are offered for sale." (c) "Any dealer who shall sell, or offer for sale, cigarettes or cigars without complying with the provisions of this act, shall be guilty of a misdemeanor and upon conviction shall be punished as provided by section 1065 of the Penal Code of 1910."

Before an accusation under this act will be good, all of the three foregoing things must be alleged therein. This being true, as it is not alleged in the first count that the accused sold or offered for sale cigarettes or cigars, that count alleged no crime, was subject to the demurrer filed thereto, and should have been stricken.

The second count was not subject to either ground of the demurrer filed thereto. The accused was charged with a statutory offense, and the accusation uses substantially the language of the statute, and is so plain that the nature of the offense charged can be easily understood by the jury, and is sufficiently full and specific to meet all the objects requiring particularity in setting out an offense, enumerated by the Supreme Court in *Wingard* v. *State*, 13 *Ga.* 400 (2). See *DeWitt* v. *State*, 27 *Ga. App.* 644 (109 S. E. 681), and cases cited in the opinion.

*Judgment affirmed in part, and reversed in part. Broyles, C. J., and Luke, J., concur.*