19486. McMATH *v.* THE STATE.

DECIDED APRIL 9, 1929.

*W. P. Wallis, John P. Haunson,* for plaintiff in error.

*George M. Napier, attorney-general, T. R. Gress, assistant attorney-general, Jule Felton, solicitor-general,* contra.

BLOODWORTH, J. (After stating the foregoing facts.) ■ The act approved August 15, 1923 (Ga. L. 1923, p. 39), provides that "There shall be levied upon and collected from each person, firm, or corporation, engaged in selling cigarettes and cigars at retail, a tax of ten per centum of the sales price at retail of each package of cigarettes and each cigar sold by such dealer." This act was amended by an act approved December 19, 1923, which provides that stamps shall be affixed to "each package of cigarettes and each box, package or other container of cigars." Ga. L. 1923, Ex. Sess., p. 69. It is provided that "Any dealer who shall sell, or offer for sale, cigarettes or cigars without complying with the foregoing provisions shall be guilty of a misdemeanor" (Ga. L. 1923,

p. 40) ; and that "The exhibition of any package, or packages, of cigarettes which do not bear the stamps required to be fixed" under the foregoing provisions, "by any retail dealer, in any show-case, window, or on any shelf or table, or the possession of any box, package or container of cigars, which do not bear stamps as required herein, shall constitute prima facie evidence of the guilt of such dealer of the violation of this act." Ga. L. 1924, p. 27. The plaintiff in error insists that the indictment was subject to demurrer on the ground that it failed to charge a sale or offer to sell at retail; and cites the case of *Mills* v. *State,* 33 *Ga. App.* 151 (125 S. E. 728). A reading of the indictment, quoted above, will show that it did charge that the accused did "offer for sale and sell certain cigarettes and cigars," and that he was "a retail dealer of cigarettes and cigars." The acts alleged in the indictment constitute a violation of the provisions heretofore referred to, and therefore the indictment charged a crime, and the demurrer, based on the ground that it failed to do so, was properly overruled.

■ The record shows that the date of the acquittal which the defendant pleaded in bar was March 27, 1928, and the indictment in the present case charges that the offense was committed November 1, 1928, more than seven months after the acquittal under the first charge. It is needless to say that an acquittal on any charge does not authorize a defendant to commit a similar crime thereafter and obtain exemption from punishment by pleading the former acquittal as a bar. Since the indictment charged that the crime was committed after the acquittal pleaded in bar, the court properly sustained the motion to dismiss the plea of former jeopardy.

■ The 1st special ground of the motion for a new trial alleges that the court erred in not admitting in evidence the former accusation, referred to in the plea of former jeopardy, and the verdict of acquittal thereon. The plea of former jeopardy had already been disposed of on motion of the solicitor-general, and to that ruling the defendant had duly excepted, and the accusation and the verdict in the former trial were not material to the issues under consideration, and were properly rejected as evidence.

■ Under the note of the trial judge, there is no merit in the second special ground of the motion for a new trial, which complains of an excerpt from the charge of the court.

■ The 3d and last special ground of the motion for a new trial alleges that the court erred in charging the jury as follows: "The exemption under the law given to the veteran of the Confederate or a veteran of the Spanish-American war, or the World War, or in any other wars of the United States that is designated in the section of the code, providing for exemption from the paying license by a veteran, does not apply to a State tax; and if this defendant in this case sold cigarettes and cigars as charged, without first having paid the State tax that is required to be paid, as charged in the bill of indictment, then it would be a violation of the law, and if the jury believes that to be the truth of the case, it is their duty to return a verdict so finding; if they do not, if they have a reasonable doubt of his guilt, it would be their duty to acquit him." The substance of the defendant's objection to this charge was that it was error for the reason "that the license granted by the ordinary as an exemption from taxes on occupation applies to State tax on cigars and cigarettes, and that under the law a veteran of the Spanish-American War is exempt from placing [paying?] the taxes of the State of Georgia on cigars and cigarettes where the veteran conducts a retail mercantile business and sells in connection therewith cigars and cigarettes;" and that the court erred in not so charging the jury. Section 1886 of the Civil Code of 1910 is as follows: "Every peddler or itinerant trader, by sample or otherwise, must apply to the ordinary of each county where he may desire to trade, for a license, which shall be granted to him on the terms said ordinary has or may impose. They are authorized to impose such tax as they may deem advisable, to be used for county purposes. The license extends only to the limits of the county." A mere reading of this section will show that it refers to a county license or business tax. Following this section are section 1887, excepting certain merchandise, and section 1888, excepting certain persons from the license or business tax. Section 1888, under which the defendant claims exemption, is in part as follows: "Any disabled or indigent Confederate soldier or soldier . . of the Spanish-American War . . who is a resident of this State may peddle or conduct business in any town, city, county, or counties thereof without paying license for the privilege of so doing, and a certificate from the ordinary of any county stating the facts of his being such disabled or indigent

soldier . . shall be sufficient proof; provided that this section shall not authorize peddling or dealing in" certain named things. It will be noted that the caption of section 1886 is "License to peddle," and the caption of section 1888 is "Disabled soldiers to peddle without a license." Section 1886 vests authority in the ordinary of each county "to impose such tax as they may deem advisable, to be used for county purposes," and unquestionably relates to a county tax and not to a State tax. Since section 1888 is an exception to, and must be construed in connection with, section 1886, section 1888 likewise relates to a county license or business tax, and not to a State tax.

If the State had intended to exempt war veterans from payment of the State tax on cigars and cigarettes, the presumption is that the act providing for such tax would have specifically exempted them. Exemptions by implication are not favored. It will be noted that section 1888 of the Civil Code makes the same exemption apply to Spanish-American War veterans as applies to Confederate veterans. In *Manus* v. *State, 7 Ga. App.* 377 (66 S. E. 1037), this court held: "The license or certificate issued by the ordinary to a Confederate veteran, which permits him to peddle without paying *county and municipal* license taxes, does not relieve him from the payment of the tax of $200.00 imposed by the State upon retail dealers in 'near beer'." And in the opinion (p. 379) it is said: "The grant of the privilege authorized by the act of 1897 did not give the holders of veterans' licenses or certificates a vested right in an exemption not included within the terms of the original grant. The act of 1897 dealt only with the subject of municipal and county taxes, and *did not relate to the subject of State taxation or State license.* . . A confederate veteran has all that was granted to him originally by the act of 1897, and the mere fact that the State has imposed a State tax, or may hereafter impose a State tax, upon certain articles upon which it has hitherto forborne to impose a license fee, does not legally affect the rights heretofore conveyed by the license to the Confederate soldier. The purpose of the act of 1897 was to give to the Confederate veteran who was entitled to the ordinary's certificate the distinct advantage of relief from the payment of *county and municipal taxes* as to those articles upon the sale of which others might be taxed." If the veterans of the various wars mentioned in section 1888 of the

code were exempt from this and similar State taxes, they could, by virtue of this advantage, create a monopoly on various industries and deprive the State of millions of dollars of revenue. It is unlikely that the General Assembly, by passing the acts of which this section is a codification, intended so to throttle the State. While we think this section is not ambiguous, yet even if it were so, it would be construed against the grantee, since the exemption provided for tends to curtail the authority of the commonwealth. "A grant of exemption from taxation being in derogation of the sovereign authority and of common right, must invariably be construed most strictly against the grantee, and can never be permitted to extend, either in scope or duration, beyond what the terms of the concession clearly require." Sisters of Charity. v. Corey, 73 N. J. 699 (65 Atlantic 500).

From the foregoing it will be seen that the exemption of war veterans provided for in section 1888 of the Civil Code of 1910, does not include exemption from the State tax on cigars and cigarettes imposed by the act of 1923.

6. The evidence authorized the verdict and the court did not err in overruling the motion for a new trial.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*