21565.   Dixon *v.* Brooke.

Jenkins, P. J.   1.   "Under the act of 1925 (Ga. L. 1925, p. 325), as amended by the act of 1927 (Ga. L. 1927, p. 307), a person acting as real-estate broker in the County of Fulton, who has failed to obtain a license from the Georgia real-estate commission, as required by that act, is precluded by such failure from recovering compensation under a contract for services rendered in procuring a sale of real estate." *Padgett* v. *Silver Lake Park Cor.,* 168 *Ga.* 759 (149 S. E. 180).

2.   The provisions of the Civil Code (1910), § 1888, as amended by the act of 1919 (Ga. L. 1919, p. 90), authorizing disabled or indigent Confederate soldiers or soldiers of the Seminole, Creek, or Cherokee Indian wars, or late European war, under the regulations therein prescribed, to peddle or conduct business in any town, city, county, or counties of this State without paying license for the privilege of so doing, do not apply to State license taxes. *Manus* v. *State,* 7 *Ga. App.* 377, 379 (66 S. E. 1037) ; *McMath* v. *State,* 39 *Ga. App.* 541, 545 (147 S. E. 899). Such exemption would not authorize a disabled veteran to carry on the business of real-estate broker, licensed under the act of 1925, without complying with such

regulatory measure, and obtaining a license from the Georgia real-estate commission. The decision of this court in *Anglin* v. *State*, 12 *Ga. App.* 159 (76 S. E. 992), does not apply to the facts of the instant case, since it has reference to the exemption from State license taxes on life-insurance agents or solicitors, and fire-insurance agents or solicitors, and peddlers, provided in favor of Confederate veterans by section 1889 of the Civil Code (1910).

3. In the instant suit by a real-estate broker for commissions alleged to have been earned on account of procuring a purchaser for property listed by the defendant, the court did not err in dismissing the petition, which set forth that the plaintiff had not obtained a license from the real-estate commission, but alleged, instead, that as a disabled veteran of the European war, the plaintiff was entitled to carry on such business without complying with the act of 1925. Moreover, the instant petition was defective in that it was not alleged that the purchaser procured by the plaintiff for the property listed by the defendant was *able* to buy on the terms stipulated by the owner. While the petition does allege that the purchaser procured actually offered to buy on the terms stipulated, and might thus be taken to aver that the purchaser was ready and willing to buy, it is nowhere alleged that the purchaser was in fact able to comply with his offer to buy.

*Judgment affirmed. Stephens and Bell, JJ., concur.*

DECIDED JANUARY 18, 1932.

*F. L. Breen,* for plaintiff. *Madison Richardson,* for defendant.