McKINNEY *v.* PATTON *et al.*

No. 9176. MARCH 17, 1933.

*McMillan & Erwin,* for plaintiff in error.
*Bynum & Frankum,* contra.

BELL, J.  M. J. Patton and J. N. Adamson filed a suit to enjoin Eddie McKinney from conducting the business of a motor common carrier within a radius of 50 miles of Lula, Georgia, and from carrying for hire employees of the State Sanitarium at Alto, Georgia. After hearing evidence the court granted an interlocutory injunction, and the defendant excepted.

The petition alleged that the plaintiffs were the holders of a certificate of public convenience and necessity, issued by the Georgia Public-Service Commission, authorizing the plaintiffs to conduct the business of a motor common carrier within a radius of 50 miles of Lula, Georgia, but over no fixed route, and especially authorizing them to carry for hire the employees of the State Sanitarium at Alto.  The plaintiffs have paid the fees required by law in order to obtain such certificate, and have paid the tax upon such business for the period of six months.  The plaintiffs are also carrying insurance as required by law.  The defendant is operating an automobile as a motor common carrier within the territory assigned to plaintiffs, and is infringing upon their rights "by hauling employees of said sanitarium for hire and in hauling others for hire over the territory for which your petitioners have paid said sums of money for the right to haul passengers for hire."  The defendant has damaged the plaintiffs in the sum of $150 or other large sum; and unless he is enjoined, the plaintiffs "will suffer irreparable loss and damage."

The defendant did not deny that he was conducting the business of a motor common carrier for hire; but, in answering the plaintiffs' allegations upon this point, he virtually admitted that he was conducting such a business within the territory in question. He admitted that he had not obtained a certificate of public convenience and necessity, but contended that he was not subject to any tax and not required to obtain "any permission from the said Public-Service Commission, by reason of the fact that he holds from the Honorable E. E. Gabrels, Ordinary of [Habersham] County, a disabled world-war soldier's authority to conduct said business." The plaintiffs introduced in evidence the certificate issued to them by the Public-Service Commission. The defendant introduced a certificate from the ordinary, reciting that the defendant has taken the oath prescribed by law, to the effect that he is a disabled world-war soldier entitled to conduct the business of a "taxi and filling-station" without procuring license or being subject to any tax therefor. Also, his affidavit stating that one of the plaintiffs, before they obtained their certificate from the Public-Service Commission, asked the defendant to be allowed to operate on his license. This statement was denied by the plaintiffs.

Section 31 of the act approved March 31, 1931 (Ga. L. Ex. Sess. 1931, p. 99), is as follows: "Any motor carrier who operates on the highways of this State without a certificate of public convenience and necessity, or after such certificate is canceled, may be enjoined by the courts of this State from operating on the highways of this State, at the suit of the commission, or at the suit of a motor carrier or rail carrier which competes with it, or any individual." Section 29 of the act approved August 27, 1931 (Ga. L. 1931, p. 199), contains the same provision as to injunction, with the addition of other grounds therefor. In the brief of counsel for the plaintiff in error it is stated that the case hinges upon the question of good faith by the plaintiffs in bringing their petition for injunction, and on the question whether or not section 1888 of the Civil Code of 1910, as amended, would relieve the defendant as a disabled world-war veteran from obtaining from the Public-Service Commission a certificate of public convenience and necessity. It is difficult to understand how the plaintiffs' good or bad faith could have any bearing upon the matter for decision. Even though one of the plaintiffs may have sought to be permitted to operate

upon the claimed authority of the defendant as a world-war veteran, it appears that they later obtained from the Public-Service Commission a certificate authorizing them to conduct the business of a motor common carrier within a designated territory; and any previous effort to evade the law in the manner suggested would not affect the rights conferred by such certificate. Furthermore, the statement of the defendant upon this point was denied by the plaintiffs, and became an issue of fact for solution by the trial judge.

Under the facts the plaintiffs, by express provision of law, were entitled to the remedy of injunction, unless the defendant had the right to operate as a common carrier without complying with the motor-carrier acts, in virtue of his character as a disabled veteran of the late European War as shown by the certificate of the ordinary. Section 1888 of the Civil Code of 1910, as amended (Ga. L. 1918, p. 116; Ga. L. 1919, p. 90, 91), merely provides that the veterans therein mentioned are authorized to peddle or conduct business "without paying license for the privilege of so doing." The statute thus provides an exemption from liability for occupation taxes, without purporting to confer any additional right or privilege. Both of the acts relating to motor carriers contain many provisions intended to regulate the business of motor carriers for hire, and so affecting the public interest as to require compliance by every person proposing to conduct the business of a motor carrier as defined by these statutes. In determining whether a certificate of public convenience and necessity shall be granted, the Public-Service Commission must consider, among other things, the following: (1) The adequacy of existing transportation service. (2) Whether existing traffic and that reasonably to be anticipated can support existing transportation agencies and also the applicant. (3) The financial ability of the applicant to furnish proper and efficient service for the year round. (4) The effect, expense, and burden on the public highways, including bridges, and on the traffic both private and common carrier. (5) The impairment of essential, existing public service. By these and other provisions it appears that the statutes under consideration are regulatory in nature, and that all persons proposing to conduct the business of a motor carrier as defined thereby must submit themselves to the jurisdiction and control of the Public-Service Commission. Since neither statute provides an exemption in favor of veterans, we are

722

of the opinion that even though a veteran may hold the certificate contemplated by the Civil Code, § 1888, he still may not conduct the business of a motor carrier without obtaining from the Public Service Commission a certificate of public convenience and necessity, as other persons are required to do. See, in this connection, *Manus* v. *State*, 7 *Ga. App.* 378 (66 S. E. 1037); *Killebrew* v. *Wrightsville*, 17 *Ga. App.* 809 (88 S. E. 590), s. c. 18 *Ga. App.* 16 (88 S. E. 708); *Dixon* v. *Brooke*, 44 *Ga. App.* 608 (2) (162 S. E. 287).

Whether we should apply the act of March 31, 1931, or the act of August 27, 1931, the defendant was not entitled to conduct the business sought to be carried on by him. The court did not err in granting the injunction.

*Judgment affirmed. All the Justices concur.*