SNIPES *v.* FLOURNOY *et al.*

No. 10255.  MAY 19, 1934.

*William G. McRae* and *George G. Finch*, for plaintiff.

*M. J. Yeomans, attorney-general, B. D. Murphy* and *J. T. Goree, assistant attorneys-general*, for defendants.

GILBERT, J. Snipes holds a certificate issued by the Ordinary of DeKalb County that he is a disabled veteran of the World War. He engaged in Fulton County in the business of real-estate broker, but refused to pay the fee of $25 imposed upon such brokers, contending that under the Civil Code (1910), § 1888, he is exempt therefrom. The Georgia Real Estate Commission refused to issue to him a license as real-estate broker for the year 1934, because of his refusal to pay the fee mentioned. The exception is to a judgment refusing a mandamus absolute to require the individuals composing the Real Estate Commission to issue to him a license without the payment of the fee of $25. The material portions of the act creating the commission (Ga. Laws 1925, p. 325) are as follows: "An act to define, regulate, and license real-estate brokers and real-estate salesmen in counties having a population," etc. "Be it further enacted by the authority aforesaid, that all funds provided for by this act shall be paid to and receipted for by the treasurer of the commission, and shall not be used for any purpose other than contemplated by this act. All expenses incurred by the commission under the provisions of this act, including compensation to members of the commission, secretary and treasurer, assistants and attorneys, shall be paid out of the funds held by the commission upon checks signed by the treasurer of the commission and countersigned by its chairman. Provided, that the total expenses for every purpose contemplated by this act shall not exceed the total funds and charges collected and paid to said commission. Any funds raised under the provisions of this act which remain in the hands of the treasurer of the commission at the end of the calendar year, after the payment of expenses accrued, shall be paid into the treasury of the State. . . An application for license shall be accompanied by the appropriate license fee as hereinafter prescribed in this article."

1. In *Padgett* v. *Silver Lake Park Corporation*, 168 *Ga.* 759, 761 (149 S. E. 180), it was held that the law of 1925 (Ga. Laws 1925, p. 325), and the amending act of 1927 (Ga. Laws 1927, p.

307), were enacted for the purpose of safeguarding the interests of the public, and to license only those persons who are trustworthy and bear a good reputation for honesty and fair dealing, and are competent to transact the business of a real-estate broker or real-estate salesman; furthermore, that the acts were not passed merely as a measure for the purpose of raising revenue.

2. In *McKinney* v. *Patton,* 176 *Ga.* 719 (169 S. E. 16), dealing with the right of a war veteran to conduct the business of a common carrier without obtaining a certificate of public convenience and necessity from the Public-Service Commission, this court held that by express provision of law such veteran was not entitled to operate as a common carrier "without paying license for the privilege of so doing." The court further held: "The statute thus provides an exemption from liability for occupation taxes, without purporting to confer any additional right or privilege. . . Since neither statute provides an exemption in favor of veterans," and "a veteran may hold the certificate contemplated by the Civil Code, § 1888, he still may not conduct the business of a motor carrier without obtaining from the Public-Service Commission a certificate of public convenience and necessity, as other persons are required to do."

3. All the purported exemptions from taxation, being in derogation of the sovereign authority of the State, are construed strictly against the grantee. In *McKinney* v. *Patton,* supra, it was held that the only exemption to veterans afforded by the Code, § 1888, is an exemption from the occupation tax.

4. The fee of $25, which under the act is required to be paid, is not an occupation tax, but is regulatory in character, and is intended to provide funds with which the Real Estate Commission may carry out the intent and purposes of the act.

5. Since the applicant refused to pay the required fee of $25 to the Georgia Real Estate Commission, he was not entitled to receive a license to conduct the business of real-estate broker. It follows that the court did not err in refusing a mandamus absolute.

*Judgment affirmed.   All the Justices concur, except Russell, C. J., absent because of illness.*