Marshall, C. J.
 

 This is a workmen’s compensation case appealed from the Industrial Commission to the common pleas court of Crawford county, and brought to this court by successive error proceedings. Edward Brown was injured October 3, 1919, in the course of his employment with the Austin Company, a self-insurer under Section 1465-69, General Code, Section 22 of the Industrial Commission Act. Brown was awarded compensation for total disability at the rate of $15 per week, which was paid to him continuously to the date of his death, which occurred April 9, 1925, in the total sum of $4,290*. Thereafter his widow, Stella Brown, to whom he was married 14 months after the injury, and with whom he lived more than four years until the time of his death, made claim for death benefits under Section 1465-82, General Code, which claim was allowed by the commission in the sum of $6,500, less $4,290 already paid. Thereupon the self-insuring employer, the Austin Company, applied for a reconsideration, which was allowed, and the order was vacated and the claim denied. An appeal was taken to the Crawford county common pleas court and there tried upon an agreed statement of facts which admitted that Brown died as a result of the injury suffered in 1919, and admitted all the elements of a valid claim for a recovery except the right of a widow who had married a claimant 14 months after receiving his injuries. An
 
 *273
 
 award was made by the trial court, and the Court of Appeals affirmed. The sole question presented for our determination is whether the fact that Stella Brown married Edward Brown 14 months after he received the injury for which compensation was claimed, and that she lived with him as his wife from that time until his death more than four years later, excludes her from being wholly dependent for support upon said decedent under paragraph (A) of subsection 5 of Section 1465-82, General Code. The answer to that question involves primarily an interpretation of that section.
 

 That section contains a general provision foi death benefits in case the injury causes death within the period of two years. Subsection 4 of that section contains an exception to the two-year limitation as follows: “In cases in which compensation or disability on account of the injury has been continuous to the time of the death of the injured person, and the death is the result of such original injury, compensation shall be paid for such death as though the same had occurred within the two years hereinbefore provided, deducting from the final award therefor the total amount theretofore paid on account of total or partial disability on account of such injury.”
 

 Stella Brown comes clearly within this exception, because the disability and the compensation were continuous from the time of the injury to the time of the death, and the death was the result of the injury. The total amount of death benefits was $6,500, and the amount paid $4,290, leaving a balance unpaid of $2,210, which was awarded.
 

 Subsection 5 of Section 1465-82 provides in part:
 

 
 *274
 
 “The following persons shall be presumed to be wholly dependent for support upon a deceased employe :
 

 ‘ ‘ (A) A wife upon a husband with whom she lives at the time of his death.
 

 “(B) A child or children under the age of sixteen years (or over said age if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of his death.
 

 “In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employe, but no person shall be considered as dependent unless a member of the family of the deceased employe, or bears to him the relation of husband, or widow, lineal descendant, ancestor or brother or sister. The word ‘child’ as used in this act shall include a posthumous child, and a child legally adopted prior to the injury.”
 

 As originally enacted May 31, 1911 (102 Ohio Laws, 530), this section was numbered 1465-67, and did not contain subsection 5. The provision creating a presumption in favor of dependency of wife and children was first enacted February 26, 1913, and the section number was changed to 1465-82 (103 Ohio Laws, 86). Prior to that amendment no presumptions were indulged and proof was required to be made in all cases. After the amendment creating the presumptions, it only became necessary for a wife to prove that she was living with her husband at the time of his death. The section was
 
 *275
 
 later amended April 6, 1923 (110 Ohio Laws, 227), but that amendment has no bearing upon the instant case.
 

 The language of paragraph (A) of subsection 5 is so clear as not to permit of interpretation. It is claimed, however, that the unnumbered paragraph following paragraph (B) was intended to qualify the language of paragraph (A). It is claimed that all facts relating to dependency must relate to conditions existing at the time of the injury, and that no person except a posthumous child can be considered as a dependent unless a member of the family of the deceased employe at the time of the injury. If this construction of the language of the statute should be adopted, and literally applied, it might result that a child born after the death of the injured workman would be regarded as a dependent, while a child born before the death of the injured workman, but after the injury, would not be a dependent.
 

 Again, the construction argued by plaintiff in error would necessitate the insertion of the words “at the time of the injury” in the middle of that paragraph, following the words “deceased employe.”
 

 In order to reach the results desired by defendant in error it is necessary to insert at the same point the words “at the time of his death.”
 

 If this case be considered as only presenting a question of the interpretation of Section 1465-82, no great difficulty is found. It is quite clear that the language found in the latter part of subsection 5 applies to “all other cases,” meaning thereby all cases other than a wife living with her husband at the time of his death and children living with the
 
 *276
 
 parent at the time of his death. A wife not being one of the other cases referred to is not governed by the provisions relating to other cases. Paragraph (A) is not made subject to any limitations, and the language of that paragraph is entirely free from ambiguity. Unless other sections have some bearing upon the question Stella Brown must be presumed to be wholly dependent for support upon the employe, Edward Brown.
 

 It is claimed, however, that there is a latent spirit running through the constitutional provision and the Workmen’s Compensation Act which forbids any one being adjudged a dependent unless the claimant has received support from a deceased employe as such, that is to say, received support out of the actual earnings of his employment. Our attention is called to the language of Section 35, Article II, of the Constitution, which authorized the establishment of a compulsory workmen’s compensation law. That section states: “For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen’s employment, laws may be passed establishing a state fund,” etc. Our attention is also called to Section 1465-68, which states: “Every employe mentioned in Section 1465-61, who is injured, and the dependents of such as are killed in the course of employment,
 
 * * *
 
 shall be entitled to receive * * * such compensation for loss sustained on account of such injury or death * * V’
 

 It is claimed that by reason of this, claimant never having received support out of the wages of the deceased employe, she is not a dependent within the
 
 *277
 
 intent and meaning of that term as employed in the Constitution and the Workmen’s Compensation Act. To reach this result it is necessary to think of workmen in terms of inanimate, gainful objects rather than living, social, companionate personalities. We are not pointed to any definite specific provision in the Constitution or the statute which supports the employer’s contention, but it is urged that a latent spirit pervades the Constitution and the statute which is inconsistent with such a claim. The difficulty with this position is that it seeks to subvert a very definite provision by a refining process of interpretation — to substitute that which might be conceived as a wiser law for the law itself, to supply alleged weaknesses and deficiencies by attempting to carry out a supposed underlying principle. We are not convinced that the law is permeated by any such latent spirit or underlying principle. We shall not discuss its wisdom or unwisdom. We think the answer to the question propounded in this case is found in the essential nature of workmen’s compensation. It is neither charity, nor pension, nor indemnity, nor insurance, nor wages, though, if a definition of each and all of these terms were placed in parallel columns with a definition of compensation, certain elements would be found common to all. The term compensation has no striking similarity to any of them except the term wages. Lexicographers define “compensation” as an equivalent. Wages are universally regarded as compensation— the equivalent of the expenditure of human energy. The human dynamo may not seem to be impaired by reasonable effort, and yet every mental and physical act brings the machine a little nearer to the end
 
 *278
 
 of its usefulness. The hazards of employment hasten the process of impairment. Sometimes a single act, either with or without the fault of the actor, brings the tragic result of temporary or total disability, or even death. If the human dynamo is carefully conserved, full compensation (wages) is paid out at regular intervals through a long period. If, in the course of employment, the dynamo is by some unexpected mishap either impaired or destroyed, partial compensation (wages) is paid, usually at regular intervals for a shorter period. Any attempt to show a distinction in the workmen’s compensation laws between the workman and his wages fails to show any essential difference.
 

 Plaintiff enlarges upon the danger of recognizing the dependency of a widow who has married a workman after he has received injuries which are being compensated as a total disability. This question should not trouble this court in the present state of the law. If any definite rule is to be made upon that subject, the rule must be made by the law-making power. An injured workman may not realize or be advised of the extent of his injury. He may not accurately gauge the time of his demise. His physician may be either unwilling or unable to tell him. Even if the workman has full knowledge, it does not follow that his prospective spouse may be informed. The entire subject of workmen’s compensation is statutory. Rights may be created and destroyed at will by the Legislature. It has power to place limitations upon the rights of widows, and could limit or deny altogether any compensation to a widow of a marriage contracted after an injury resulting in
 
 *279
 
 death. It has not done so. The judgment must be affirmed.
 

 Judgment affirmed.
 

 Kinkade, Day and Allen, JJ., concur.
 

 Robinson, Jones and Matthias, JJ., concur in propositions 1 and 2 of the syllabus, and in the judgment.