Alíen, J.
It is in brief the argument of the Industrial Commission that, since the relator married her husband after his disability, and since he performed no work after that time, and did not in fact support his wife after that time, there is no basis in law for making an award based upon total dependency.
Section 1465-82, General Code, provides that the following persons shall be presumed to be wholly dependent for support upon a deceased employe:
“ (A) A wife upon a husband with whom she lives at the time of his death. * * *
“In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employe, but no person shall be considered as dependent unless a member of the family of the deceased employe, or bears to him the relation of husband, or widow, lineal descendant, ancestor or brother or sister.”
The relator was living with her husband at the time of his death, and it is conceded that she lived with him during the entire time of his disability, after her marriage. She therefore falls specifically within the provisions of Section 1465-82, above quoted.
The presumption that the relator was wholly dependent for her support upon the deceased employe could have been rebutted. However, the court of com *89 mon pleas found as a fact that the relator was entitled to participate in the fund, and the Industrial Commission prosecuted no error from such judgment.
It is true that this case presents an extreme illustration of the application of the law as to dependency in these cases. The wife was not supported by her husband, who was totally disabled during the entire time of the marriage. However, under the Workmen’s Compensation Act, dependency is based upon the right to support, rather than upon the actual fact of support. This was the specific holding in the case of Industrial Commission v. Drake, 103 Ohio St., 628, 134 N. E., 465, which held in a part of the third paragraph of the syllabus that the obligation of a father to support his infant children is not excused on the ground that the custody of the children has been awarded to a divorced wife in a suit where no order was made for allowance and support of children.
A case even nearer in facts to the instant case is that of Austin Co. v. Brown, 121 Ohio St., 271, 167 N. E., 874, in which it was held, that to entitle the widow to death benefits, it is only necessary to prove that she was lawfully married to the deceased employe and was living with him at the time of his death; that he was injured in the course of his employment; that his compensation or disability was continuous to the time of his death; and that the death was the result of the original injury.
That case is on all fours with the instant case excepting for the fact that Brown received compensation for disability resulting from his injury and did contribute to the support of his wife out of this compensation. In the instant case, owing to the fact that the award of the Industrial Commission was not received until after the death of the husband, and was cancelled by the Industrial Commission, Mrs. Person received no part of the payment intended for Edmond Person.
The relator may have been, and doubtless was, *90 counting upon this award for the support to which she was legally entitled from her husband.
Section 7997, General Code, provides:
“The husband must support himself, his wife, and his minor children out of his property or by his labor. If he is unable to do so, the wife must assist him so far as she is able.”
This legislative recognition of the obligation of the husband to support his wife is further emphasized by the provisions of Section 8003, General Code, which reads as follows:
“If the husband neglects to make adequate provision for the support of his wife, any other person, in good faith, may supply her with necessaries for her support, and recover the reasonable value thereof from the husband.”
If Mrs. Person, counting upon the making of the award prior to her husband’s death, had secured from some other person necessaries for her support, that other person, if he had in good faith supplied her with such necessaries, could have recovered the reasonable value thereof from the husband. If the award had been received, it would have become the property of Edmond Person, and, regardless of his continuing physical disability, it would have been his obligation out of such property to support his wife.
Can it be that through delay in the payment of an award under a statute enacted for the express purpose of caring for workmen, their wives and children, the right of the wife to support may be defeated? We think not, and the demurrer to the petition will be overruled. Respondent not desiring to plead further, the writ will be allowed.

Writ allowed.

Jones, Matthias, Day and Stephenson, JJ., concur.
Kinkade, J., not participating.