Jones, J.
 

 The sole question to be determined is whether an illegitimate, posthumous' child, unacknowledged by its father, should be construed to be a dependent and entitled to compensation under the Ohio Workmen’s Compensation Law.
 

 By virtue of the provisions of Section 35, Article II, of the Ohio Constitution, and Section 1465-68, General Code, only those who are dependents of a deceased employe are entitled to benefits in case of his death. To be a “dependent child” the child must be such as is comprehended and defined by the provision of Section 1465-82, General Code, which reads as follows:
 

 “The following persons shall be presumed to be wholly dependent for support upon a deceased employee : * * *
 

 “(B) A child * * * under the age of sixteen years * * * upon the parent with whom he is living at the time of the death of such parent, or for whose maintenance such parent was legally liable at the time of his death. * * * But no person shall be considered as dependent unless a member of the family of the deceased employee, or bears to him the relation of husband, or widow, lineal descendent, ancestor or brother or sister. The word 'child’ as used in this act shall include a posthumous child, and a child legally adopted prior to the injury.”
 

 In construing an Illinois compensation act, containing provisions very similar to our own, the Supreme Court of that state held that the word “child” or
 
 *15
 
 “children” means legitimate children.
 
 Murrell
 
 v.
 
 Industrial Commission,
 
 291 Ill., 334,126 N. E., 189. And in the course of his opinion the Chief Justice said: “It is a rule of construction that
 
 prima facie
 
 the word ‘child’ or ‘children,’ when used in a statute, * * * means legitimate child or children, and will not be extended, by implication, to embrace illegitimate children unless such construction is necessary to carry into effect the manifest purpose of the legislature.” This is the rule announced in
 
 Creisar
 
 v.
 
 State,
 
 97 Ohio St., 16, 18, 119 N. E., 128, where in construing such words as “minor” or “child” we held that wherever such words have been employed they have been held to apply only to those children who are legitimate and born in .lawful wedlock, unless such words have been so enlarged as to include illegitimate offspring. Citing the
 
 Creisar case, supra,
 
 it was held in
 
 State, ex rel. Canfield,
 
 v.
 
 Porterfield,
 
 222 Mo. App., 553, 292 S. W., 85, that a statute referring to “child” or “children” is construed as referring to legitimate children and not as to illegitimate children. Likewise in
 
 Scott
 
 v.
 
 Independent Ice Co.,
 
 135 Md., 343, 109 A., 117, a portion of the syllabus reads: “The words ‘child or children,’ as used in'the Workmen’s Compensation Act, mean legitimate child or legitimate children of the employee.” And in the oft-cited ease of
 
 Bell
 
 v.
 
 Terry & Tench Co.,
 
 177 App. Div., 123, 163 N. Y. S., 733, the syllabus holds: “Subdivision 11 of section 3 of the Workmen’s Compensation Law, declaring that ‘ “child” shall include a posthumous child and a child legally adopted prior to the injury of the employee,’ must be understood to have excluded' illegitimate children. ’ ’
 

 Neither in the foregoing nor any other section of the Ohio Workmen’s Compensation Law is found the word ‘ ‘ illegitimate. ’ ’ Had the_ Legislature intended to make the Compensation Act, and the proceeds of the fund derived therefrom, amenable to illegitimate as well as
 
 *16
 
 legitimate children of an employee, and had it a purpose to place both upon the same plane of advantage, it would have used apt words in creating that obligation as it did in other cases, such as are found in Sections 1655 and 13008, General Code, which definitely relate to illegitimate as well as legitimate children. We have searched in vain for a case, and counsel for plaintiff in error have pointed out none, where an illegitimate child has received compensation under the Workmen’s Compensation Act under circumstances similar to those detailed in the amended petition. One of the leading cases upon which they rely is
 
 Roberts
 
 v.
 
 Whaley,
 
 192 Mich., 133, 158 N. W., 209, L. R. A., 1918A, 189. However, in that case it appears that the illegitimate children lived with the deceased employee as members of his family and were dependent upon him at the time of his decease, and were actually cared for and supported by him. Similar situations arose in
 
 Utah Fuel Co.
 
 v.
 
 Industrial Commission,
 
 64 Utah, 328, 230 P., 681, and
 
 Gritta’s case,
 
 236 Mass., 204, 127 N. E., 889. In those cases it appears that the illegitimate children and their putative father lived together as one family, which he supported, and because of the “family” provisions embodied in their workmen’s compensation acts, and because such children lived with and were supported by their putative father, those courts held them entitled to compensation.' But we have been able to find no case where illegitimate children who were not a part of the father’s family, and who received no support or maintenance from him, have been allowed to receive death benefits.
 

 Since the term “illegitimate” is not found in Section 1465-82, General Code, the word “child” used therein connotes legitimate children; and the term “lineal descendant” implies a descendible relation that is legitimate.
 
 Murrell
 
 v.
 
 Industrial Commission, supra.
 
 Likewise the clause, “upon the parent with whom he is living at the time of the death of such parent, or for
 
 *17
 
 whose maintenance such parent was legally liable at the time of his death,” refers to a relationship and maintenance pertaining to a legitimate child. Other sections of our Code reflect the legislative intention upon the subject in controversy. Section 8591, General Code, provides that when a man has one or more illegitimate children by a woman, ‘ ‘ and afterward intermarries with her, such issue, if acknowledged by him as his child or children, will be legitimate. ’ ’ That section removes the stamp of illegitimacy from a child whose father acknowledges it and intermarries with its mother. And, again, the last clause of Section 1465-82, General Code, of the Workmen’s Compensation Act, provides that “the word ‘child’ as used in this act shall include * * * a child legally adopted prior to the injury.” Section 8030, General Code, provides for the method of legal adoption; and stipulates that such adopted child shall be invested with every legal right in respect to maintenance, etc., as if born to the parents in lawful wedlock.
 

 Considering these statutes pertaining to legitimacy and adoption we think it is obvious that in Section 1465-82, General Code, the Legislature intended to use the word “child” in its usual and ordinary sense, and that so used it applies to children of an employee who are legitimate and to children who have been legally adopted prior to the injury; it certainly does not apply to an illegitimate, posthumous child, who has not been legitimized in the manner provided by Section 8591, General Code. In the instant case the ward cannot be construed to be a dependent entitled to compensation under the Workmen’s Compensation Act.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Day, Stephenson and Matthias, JJ., concur.
 

 Weygandt, C. J., dissents,