### BAKER v INDUSTRIAL COMMISSION

Ohio Appeals, 6th Dist, Lucas Co

Decided March 8, 1937

434

C. R. Webb, Toledo, for appellee.

Joseph O. Eppstein, Toledo, and Louis Wexler, Toledo, for appellant.

## OPINION

By OVERMYER, J.

Alice Baker, as next friend of Leona Florence May Smith and Lois Alva May Baker, brought an action against the Industrial Commission of Ohio in the Court of Common Pleas, on appeal from the finding of the commission denying the right of compensation to plaintiffs on account of the death of Bert Smith, the father of claimants, alleged to have been caused by an injury suffered by Smith in the course of and arising out of his employment as an employee of the street department of the city of Toledo, Ohio.

The amended petition alleged that Alice Baker was formerly the wife of Bert Smith and that the two claimants were the twin minor children of Alice Baker and Bert Smith; that they were dependent upon their father, Bert Smith; that on October 30, 1929, while employed in the street department of the city of Toledo, Ohio, Bert Smith was injured while in the course of his employment, when a heavy piece of material struck him in his side while he was unloading the same from a truck; that said injury resulted in a hernia; and that the hernia became strangulated and accelerated and was the immediate and direct cause of his death on or about December 12, 1932. It was also alleged that he was covered by workmen's compensation insurance through the city of Toledo, a contributor to that fund, and that claim had been made and rejected by the commission.

The answer of the commission admitted the employment as alleged, admitted that Bert Smith sustained a hernia on the occasion alleged, that he died on the date alleged, that the children named in the amended petition are the children of Bert Smith, and that a claim for compensation on account of his death had been denied. All other allegations of the petition are denied, including of course, the allegation that Alice Baker was formerly the wife of Bert Smith and that the claimants are the children of Alice Baker and Bert Smith.

A verdict for the appellee, the claimants, was returned and judgment was later entered thereon. This appeal is prosecuted by the commission, seeking a reversal of that judgment. The alleged errors complained of are the overruling of a motion for a directed verdict in favor of the appellant; the overruling of a motion for new trial, it being the claim of appellant that the evidence failed to show that the hernia sustained on October 30, 1929, was the proximate cause of death on December 12, 1932; and a failure to show that the claimants were dependents of the deceased, as comprehended in the Workmen's Compensation Act, that is, appellant claims that there was a failure of proof of a ceremonial marriage or a common-law marriage between Bert Smith and Alice Baker, and therefore that the claimants are illegitimate children.

Appellant calls attention to Staker, Gdn. v Industrial Comm., 127 Oh St 13, 186 NE 616, wherein it is held that the word "child" as used in §1465-82, GC, is to be construed in its usual and ordinary sense, and applies to legitimate children and does not apply to or include illegitimate children.

The admission in the answer that claimants are the "children" of Bert Smith carries with it the presumption that they were his legitimate children, and there is no allegation of illegitimacy pleaded by the answer. "The law favors legitimacy, and will indulge in all reasonable presumptions to carry out that presumption and make a child legitimate." 17 Ohio Jurisprudence, 119, paragraph 98, and cases there cited.

The undisputed evidence in the record sustains the finding that claimants are the children of Bert Smith and Alice Baker, born while the parties were living to-

gether as husband and wife and so held themselves out to the public, and that up to the time of the injury here involved he had contributed to their support, and that these contributions were for his "daughter," although he and Alice Smith or Alice Baker had separated. **Eichorn v Zedaker, 109 Oh St 609, 144 NE 258.**

On the question of whether there is evidence in the record tending to prove that the death of Smith was proximately caused by or proximately accelerated by the hernia resulting from the injury of October 30, 1929, we find medical evidence in the record that decedent died from a strangulated hernia on the left side, that is, intestinal obstruction due to a hernia loop, and that such examination as the witness made disclosed no other cause of death. Other evidence in the record shows an accidental injury on October 30, 1929, in the course of decedent's employment while unloading catch-basin covers, one of such covers either slipping or getting away from him and striking him in the left abdomen, and that he "had to go to make water and so I did go and as I went there blood run out of me and as I started back the pain struck me and I went to the little shack they had there in the yard and had to lay down on a cot, and I couldn't lay there but a minute and then I had to get up on my feet, couldn't stand and had to lay down again"; that he was taken home and in a few days a hernia developed on the left side and that since then he never was able to work. He made himself a truss which he always wore thereafter and went to the doctors frequently for pills and medicine, and was disabled and ailing from the date of injury to the date of death.

Two medical witnesses testified for claimants, a Dr. Price and Dr. Kreft, the then county coroner. Dr. Price had never known decedent, but performed an autopsy on the body several days after death. Dr Kreft had not known decedent in his lifetime, but was called in his official capacity as coroner on the day of Smith's death, decedent having been found dead in a shanty where he lived. As a result of the autopsy, Dr. Price stated that the cause of death was intestinal obstruction due to strangulated hernia. He would not say how long the hernia had existed. Dr. Kreft made no examination of the body other than an external one and could not say whether decedent did or did not have a hernia. From what he learned from neighbors and others, he gave the cause of death

as "some heart condition," but said decedent might have died of other causes and that he made no abdominal examination for hernia.

We conclude there is evidence in the record to sustain the verdict and that there is no prejudicial error apparent requiring a reversal of the judgment. The same will therefore be affirmed.

Judgment affirmed.

CARPENTER, J, concurs.

### CONCURRING OPINION

By LLOYD, J, concurring in judgment.

In her amended petition the appellee, Alice Baker, alleges that she was the wife of the decedent Bert Smith and that she is the mother and the decedent the father of the two children in question.

In its answer, the Industrial Commission admits that the decedent was the father of the children but denies that the appellee was the wife and the mother of the children. If no evidence had been offered on these issues, I would think that the presumption would be that the children were legitimate, or if it were a case where the marriage was admitted but the legitimacy of the children born during the marriage was questioned because of a claim that the wife was not their mother, then such presumption might arise, but where, as in the instant case, the uncontradicted and admitted evidential facts make the legitimacy of the children dependent solely on whether their mother and father had contracted a common-law marriage, then no presumption of their legitimacy can arise from the mere fact that they are the children of the decedent.

In my opinion, therefore, the statement in the majority opinion as to a presumption arising as to the legitimacy of the children is unfounded because the admitted facts preclude indulgence in such presumption. The existence of a common-law marriage of Alice Baker and the decedent was all-sufficient and exclusively necessary to establish the legitimacy of their children.