Matthias, J.
 

 The rejection of a claim for compensation based upon a finding that the claimant is not a dependent is a denial upon a jurisdictional ground, and this case was, therefore, properly before the Court of Common Pleas upon appeal. This conclusion is in accordance with , the decision in the case of
 
 Welsh
 
 v.
 
 Industrial Commission, ante, 387,
 
 this day announced, and is determinative of that question in this case.
 

 The claim which is the basis of this proceeding was presented by Carieta Hicks Garner as the guardian of Joe Zack Garner, Jr. The validity of the claim depends upon the determination of the question whether Joe Zack Garner, Jr., is a dependent of the deceased employee within the contemplation of the provisions of the Workmén’s Compensation Law and, as such, entitled to compensation out of the fund.
 

 There is no substantial dispute in the facts involved in the case. The mother of the child claimed to be such dependent was married to Fred Slaybaugh in West Virginia on June 6, 1933. They lived together only a few days and were separated by the arrest of Slaybaugh who thereafter was for some time incarcerated in a penal institution. Following such separation, there was no cohabitation. The competency of the testimony of Carieta Hicks Garner in that regard is challenged. If her testimony would tend to bastardize her child, there would be good reason for following
 
 *400
 
 the rule of strictness in receiving or considering such testimony. As will be seen later, however, the only possible question as to the parentage of the child involved in this case is whether he is the issue of the first or second marriage.
 

 On October 5, 1933, she became acquainted with Joe Zack Garner and soon thereafter they began living together and, on April 13, 1934, although no divorce had been procured from Slaybaugh, she and Garner were married in West Virginia and, upon their return to Akron, continued living together.'
 

 Her son, whom she named Joe Zack Garner, Jr., and whom she states was begotten by Joe Zack Garner, was born August 29,1934. Joe Zack Garner, however, had died as the result of an accidental injury received in the course of his employment August 16, 1934, thirteen days prior to the birth of the child. The record discloses that Garner had not only openly acknowledged the paternity of the expected child, but that he had consulted a doctor and had made full arrangements for the requisite medical care.
 

 Upon its review of this case,' the Court of Appeals concisely summarized the facts in the record relative to the paternity of the child as fpllows:
 

 “The evidence, undisputed, established the fact that at the nuptials on April 13, 1934, Garner knew of the pregnant condition of Carieta and openly acknowledged to their friends and relatives the paternity of the expected baby. He selected a doctor for her prenatal care and at all. times represented to the doctor that on the natal day he would be the father of the child. The couple attended many parties together, and, on several occasions, presents were given by their friends and relatives, to become a part of the layette for the baby. The open acknowledgment by Garner of the parentage of the expected child was notorious and certain. The immutable laws of gestation were
 
 *401
 
 in harmonious operation with respect to actions and time.”
 

 Section 1465-82, General Code, expressly provides that the word “child,” as used in this act, shall include a posthumous child. The case of
 
 Staker, Gdn.,
 
 v.
 
 Industrial Commission,
 
 127 Ohio St., 13, 186 N. E., 616, involved a claim for compensation for a posthumous child which was concededly an illegitimate child unacknowledged by its father. Upon a consideration of the situation there presented, the court found that the word “child” applies to legitimate children and to children legally adopted prior to the employee’s injury. There was in that case no occasion to consider or apply the provisions of Section 10503-15, General Code, except as it might aid in determining the meaning and application of the terms used in the statute. Undoubtedly the provisions of the statutes of descent and distribution may be taken into consideration in determining the meaning and application of the terms used in Section 1465-82, General Code.
 

 Section 10503-15, General Code (formerly Section 8591, General Code), provides as follows:
 

 “When by a woman a man has one or more children, and afterward intermarries with her, such issue, if acknowledged by him as his child or children, will be legitimate. The issue of parents whose marriage is null in law, shall nevertheless be legitimate.”
 

 This has been the law in Ohio since' 1853 and has not been changed in any particular since that date except by renumbering the sections. It has provided long established standards governing the conveyance and inheritance of real and personal property. There has been no variance from the announcement in
 
 Wright
 
 v.
 
 Lore,
 
 12 Ohio St., 619, that a child born of a bigamous marriage may be legitimate “within the letter and spirit of the enactment.”
 

 In the course of the opinion in the
 
 Staker case, supra,
 
 it was stated by Judge Jones as follows: “Sec
 
 *402
 
 tion 8591, General Code [now Section 10503-15, General Code], provides that when a man has one or more illegitimate children by a wofnan, 'and afterward intermarries .with her, such issue, if acknowledged by him as his child or children, will be legitimate. ’
 
 That section removes the stamp of illegitimacy from a child whose father acknowledges it and intermarries with its mother.”
 
 (Italics ours.)
 

 We are persuaded that the provisions of this statute govern and control in the determination of the issue presented. We therefore approve the conclusion of the Court of Appeals that the claimant, is entitled to participate in the Workmen’s Compensation Fund.
 

 However, its action in allowing and fixing an attorney fee was unauthorized. Such power is conferred only upon the trial judge. Section 1465-90, General Code;
 
 Industrial Commission
 
 v.
 
 Nelson,
 
 127 Ohio St., 41, 186 N. E., 735.
 

 The judgment as thus modified is affirmed, and the case is remanded to the Court of Common Pleas for further proceeding according to law.
 

 Judgment modified and affirmed.
 

 Day, Williams, Myers and Hart, JJ., concur.
 

 Weygandt, C. J., and Zimmerman, J., concur in ■ paragraph two of the syllabus and in the judgment, but dissent from paragraph one of the syllabus.