Matthias, J.
 

 The Industrial Commission, upon rehearing which had been granted, found that injuries
 
 *389
 
 sustained by the workman in the course of and arising out of bis employment caused bis death, but rejected the claim made on behalf of an alleged dependent upon the ground that the person for whom such claim was asserted was not a dependent of the decedent at the time of his death within the meaning of the "Workmen’s Compensation Law.
 

 The right of a claimant to appeal from the adverse finding and order of the Industrial Commission upon the issue of dependency is thus directly presented. It is, of course, precisely the same question that would have arisen had a rehearing been denied the claimant following a rejection of the claim upon the ground of nondependency. We therefore find at the threshold of our consideration of the case a challenge of jurisdiction.
 

 The right to a rehearing in such cases is now clearly conferred by the express provisions of Section 1465-90, General Code, as amended, effective July 3, 1937 (117 Ohio Laws, 86). The statute, as amended, now expressly provides that where the right of a claimant to receive compensation is denied on the ground “that the claimant was not legally or actually dependent upon the decedent,” an application for rehearing may be filed with the commission. The right of appeal follows an adverse finding and order upon such rehearing. The claim here in question, however, arose prior to that amendment and requires the construction and application of provisions of the statute then in effect (111 Ohio Laws, 227). The statute then read as follows :
 

 ‘ ‘ The commission shall have full power and authority to hear and determine all questions within its jurisdiction, and its decisions thereon, including the extent of disability and amount of compensation to be paid in each claim shall be
 
 final.
 
 In all claims for compensation on account of injury, or death resulting therefrom, if the commission finds that it has no jurisdic
 
 *390
 
 tion of the claim and has no authority thereby to inquire into the extent of disability or the amount of compensation, and denies the right of the claimant to receive compensation or to continue to receive compensation for such reason, then the claimant may within thirty days after receipt of notice of such finding1 of the commission, file an application with the commission for a rehearing of his claim # * *. If the commission, after such hearing, finds that it has no jurisdiction of the claim and no authority to inquire into the extent of disability or amount of compensation claimed, then the claimant, within sixty days after receipt of notice of such action of the commission, may file a petition in the Common Pleas Court of the county wherein the injury was inflicted * * V’ (Italics ours.)
 

 This case involves the question of dependency. It was the only question at issue. It is urged that when the Industrial Commission finds that a claimant is not a dependent, it is a finding of fact, and therefore not appealable. The question thus presented is this: When the Industrial Commission finds that the decedent was injured in the course of employment, awards funeral expenses and other expenses incident to the sickness and death, and then refuses to award a claimant death benefits upon the ground that he is not a dependent within the meaning of the Workmen’s Compensation Law, is this a denial on a jurisdictional ground so that an appeal will lie to the Court of Common Pleas?
 

 In the consideration of a claim for compensation for injuries, the jurisdictional question is a very simple one, consisting of only two elements: Whether the' claimant was an employee, and whether his injuries were sustained in the course of and arose out of his employment. In such ease, in the exercise of its jurisdiction, the further action of the commission is a process of fact finding. It determines the extent of
 
 *391
 
 disability and tbe amount of compensation, and in those respects its decision is final and there is no appeal.
 
 State, ex rel. Butram,
 
 v.
 
 Industrial Commission,
 
 124 Ohio St., 589, 180 N. E., 61;
 
 State, ex rel. Depalo,
 
 v.
 
 Industrial Commission,
 
 128 Ohio St., 410, 191 N. E., 691.
 

 When application is made for an award by one claiming as a dependent, he must prove not only that the decedent was an employee and that his death resulted from an injury sustained in the course of and arising out of his employment, but also that the claimant is a dependent under the provisions of the Workmen’s Compensation Law. The only claim involved in this proceeding is one for compensation to an alleged dependent. The Industrial Commission found that the claimant was not a dependent within the purview of the Workmen’s Compensation Law. The only issue, therefore, was that of dependency which, as disclosed by the record, was a mixed question of fact and law, or, rather, a question of law as applied to a practically uncontroverted state of facts.
 

 It was said in the opinion in the case of
 
 Slatmeyer
 
 v.
 
 Industrial Commission,
 
 115 Ohio St., 654, 155 N. E., 484: “While the constitutional amendment [Section 35, Article II] may have contemplated that the industrial tribunal could dispose of a question of fact as well asa court constituted for that purpose, it no doubt recognized that upon legal, fundamental, or jurisdictional questions, action by a court would be necessary. At all events, no legal questions were committed by the Constitution to the final jurisdiction of the commission. ’ ’
 

 It is significant that almost from the beginning of the administration of the Workmen’s Compensation Law, insofar as it affected the claims of dependents, the appealability of an order denying such claims has been generally recognized if not conceded. At least it has been assumed in actions accruing both before and
 
 *392
 
 subsequent to the amendment of Section 1465-90, General Code, in 1925. Only recently has it been challenged, and apparently to remove any controversy on the subject the statute was amended as heretofore stated. The cases in which, over a long* period of years, the courts have recognized a denial of dependency by the Industrial Commission to be an appealable order are as follows:
 
 State, ex rel. Munding, Admr.,
 
 v.
 
 Industrial Commission,
 
 92 Ohio St., 434, 111 N. E., 299;
 
 Industrial Commission
 
 v.
 
 Drake,
 
 103 Ohio St., 628, 134 N. E., 465;
 
 Industrial Commission
 
 v.
 
 Dell, Exrx.,
 
 104 Ohio St., 389, 135 N. E., 669;
 
 Industrial Commission
 
 v.
 
 Kamrath,
 
 118 Ohio St., 1, 160 N. E., 470;
 
 Austin Co.
 
 v.
 
 Brown,
 
 121 Ohio St., 271, 167 N. E., 874;
 
 State, ex rel. Person,
 
 v.
 
 Industrial Commission,
 
 126 Ohio St., 85, 183 N. E., 920; and
 
 Staker, Gdn.,
 
 v.
 
 Industrial Commission,
 
 127 Ohio St., 13, 186 N. E., 616.
 

 The case of
 
 State, ex rel. Person,
 
 v.
 
 Industrial Commission, supra,
 
 was an action in mandamus based upon the claimed abuse of discretion of the Industrial Commission in granting the relator an award as one not wholly dependent. It is disclosed that following a denial of dependency by the commission, an appeal had been prosecuted to the Court of Common Pleas, which found upon the issues joined in favor of the relator. This writ of mandamus was based upon an order made by the Common Pleas Court wherein that court, upon appeal, reversed the finding and order of the Industrial Commission upon its finding of dependency. The court necessarily found that the order of the Common Pleas Court in question was within its jurisdiction and valid, for a writ of mandamus will issue only where it is shown that there is a clear legal right thereto.
 

 The statute does not contemplate that the question of dependency is necessarily for the commission alone. Where the commission, upon rehearing, denies the right of a claimant to recover as a dependent upon the
 
 *393
 
 ground that the employee did not receive the injury while in the course of or that it did not arise out of his employment, or that his death did not result from such injury, and an appeal is taken to the Court of Common Pleas, the final question to be determined in that court upon the issues is whether the claimant is entitled to participate in the fund. Such order cannot be made until it is determined that the claimant is a dependent and, as such, entitled to participate in the fund, no matter what may have been the finding upon the other issues. The extent of dependency and the division of compensation where there is more than one dependent necessarily would be determined by the commission.
 

 In this case there has been no consideration of the extent of disability or the amount of compensation to be paid. The commission concluded that under the facts disclosed the claimant was not a dependent within the terms of the Workmen’s Compensation Law, and consequently denied him any award whatever. We are of opinion that the denial was upon a jurisdictional ground as announced by the commission, and therefore that the case was appealable to the Court of Common Pleas. The case of
 
 State, ex rel. Davis,
 
 v.
 
 Industrial Commission,
 
 134 Ohio St., 130, 16 N. E. (2d), 212, is hereby overruled.
 

 Was the so-called Jack Welsh, Jr., a dependent of Jack Welsh, the deceased employee? Upon the hearing of the case in the Common Pleas Court upon appeal, a jury was waived. The court, therefore, performed the functions of a jury. It found that the claimant was not the son of Jack Welsh and therefore not his dependent under the Workmen’s Compensation Law. As will be shown later, the Court of Appeals, in arriving at its conclusion, adopted the finding of the Court of Common Pleas that the claimant was not the son of the deceased employee. The essential facts disclosed by the record may be briefly stated.
 

 
 *394
 
 The woman designated Agnes Welsh had been for some time and was at the time of the death of Jack Welsh the lawful wife of one Salisbury. They had a son, Donald. According to her testimony, her other son, claimant herein, was begotten by Jack Welsh and was born August 6, 1932; but she named him Salisbury and his birth certificate carries that name, though she further states that she had no marital relations with Salisbury after April, 1931, although accessability and opportunity were admitted. She states that she and Welsh began living together in June, 1932; that she assumed the name Welsh in November, 1932; that Jack Welsh recognized the claimant as his child; and that she and Welsh and her two sons continued to live together as one family.
 

 As above indicated, the Court of Appeals followed the finding of the Court of Common Pleas that the mother of the claimant was at all times the legal wife of Salisbury and that Salisbury was the father of the. child referred to as Jack Welsh, Jr., and based its judgment in favor of the claimant upon its conclusion (stated in the majority opinion) that “the living together of Welsh, Mrs. Salisbury and the two boys as one family and his [Jack Welsh’s] continued support and maintenance of them as such, constituted such a family relation as would make the child, Jack Jr., a dependent of the decedent within the meaning of the compensation act,” basing its conclusion entirely upon the provisions of Section 1465-82, General Code. The theory of the majority is clearly indicated in the further statement in the opinion as follows:
 

 “Compensation is sought only for the child Jack, but as viewed by this court both children would, under the facts and circumstances presented in the record, be dependents of Welsh within the meaning of the Workmen’s Compensation Act.”
 

 The Common Pleas Court found that Welsh had literally appropriated Salisbury’s family, and the
 
 *395
 
 Court of Appeals seems to have based its conclusion upon that assumption.
 

 Under the provisions of Section 1465-82, General Code, a child is presumed to be wholly dependent for support upon a parent with whom he is living at the time of the death of such parent or for whose maintenance such parent was legally liable at the time of his death. Under the finding of facts in this case, the claimant does not come within that provision. Had Salisbury been the deceased employee, the claimant, of course, would have been entitled to participate in the fund as a dependent. The facts cannot'be properly so construed as to make the claimant a member of the family of Jack Welsh within the contemplation of the provisions of the Workmen’s Compensation Law. The obligation of supporting both of these children rested upon Salisbury. They constituted his family. Of course, one may voluntarily live with and support another man’s family and, if he choose, assume that personal liability; but he cannot thereby appropriate them as dependents so as to affect their status under the Workmen’s Compensation Law, or create any liability against that fund.
 

 The compensation authorized by the Constitution and provided by our laws enacted pursuant thereto is for injured employees and for the dependents of those whose death results from injuries which occur in the course of and arise out of their employment. Humanitarian as it would be to generously extend the distribution of the Workmen’s Compensation Fund indiscriminately to those in need of support and maintenance, such use and application of that fund would be wholly unauthorized. It has been suggested that insofar as support and maintenance for those in need is provided by payment out of this fund, there is- a decreased demand upon public charity generally. That, of course, is true; but the Workmen’s Compensation Fund is not a charitable fund. It is created by assessments
 
 *396
 
 upon employers to make good, at least in a measure, the injuries caused to and damages suffered by workmen and the loss sustained by those dependent upon them where injury results in death and deprives dependents of their support. "Whatever is due the workman or those deprived of his support is theirs not as a matter of charity but as a matter of
 
 right;
 
 for it comes from a fund created for that very purpose and should be diverted to no other use or purpose.
 

 It follows that the judgment of the Court of Appeals is reversed and that of the Common Pleas Court affirmed.
 

 Judgment reversed.
 

 Day, J., concurs.
 

 Weygandt, C. J., and Zimmerman, J., concur in paragraphs two, three and four of the syllabus and in the judgment, but dissent from paragraph one of the syllabus.
 

 Williams, Myers and Hart, JJ., concur in paragraphs one and two of the syllabus, but dissent from paragraphs three and four of the syllabus and from the judgment.