Matthias, J.
An examination of the record in this case discloses that plaintiff is conceded to be an illegitimate child; the only controversy in the courts below being whether the deceased workman was the father of the plaintiff.
Although various questions in relation to the instructions of the trial court and as to the withdrawal of an interrogatory submitted to the jury are raised by the parties, none of them need be considered in the disposition of this case.
This court in the syllabus of Staker, Gdn., v. Industrial Commission, 127 Ohio St., 13, 186 N. E., 616, held:
“1. An illegitimate, posthumous child, unacknowledged by its putative father, is not a dependent child, within the purview of Section 1465-82, General Code.
“2. The word ‘child,’ used in that section, is to be construed in its usual and ordinary sense, and applies to legitimate chil *586 dren and to children legally adopted prior to the employee’s injury.” (Emphasis added.)
Section 10503-15, General Code (Section 2105.18, Revised Code), states in part:
“When, by a woman a man has one or more children, and afterward intermarries with her, such issue, if acknowledged by him as his child or children, will be legitimate. The issue of parents whose marriage is null in law, shall nevertheless be legitimate. ’ ’
There is no contention in the present case that decedent, the alleged father, ever intermarried with plaintiff’s mother and acknowledged plaintiff as his child so as to legitimatize him in the manner provided by that statute, nor is there any contention that decedent adopted plaintiff so as to bring him within the purview of that part of Section 1465-82, General Code (Section 4123.59, Revised Code), which specifically recognizes “a child legally adopted prior to the injury” as one’eligible to receive benefits under the Workmen’s Compensation Act.
Plaintiff, therefore, is not a dependent child within the meaning of the Workmen’s Compensation Act and is not entitled to participate in the State Insurance Fund; and under such circumstances it was the duty of the trial court to direct a verdict in favor of defendant.
Various cases of lower courts in Ohio which have come to this court’s attention show an apparent unwillingness to accept or follow the law in the Staker case, supra. To our knowledge, however, the pertinent statutes, as they existed prior to and at the time of the Staker case and as they apply to these facts, have not been changed, and the scope and effect of the Staker case have not been altered by this court. For these reasons we feel it necessary to reiterate the law as set forth in that ease and to reaffirm it as a correct interpretation of the statutes therein examined.
The judgment of the Court of Appeals is reversed, and final judgment is rendered for defendant.

Judgment reversed.

Weygandt, C. J., Hart, Zimmerman, Stewart, Bell and Taft, JJ., concur.