Per Curiam.

The question presented is whether the plaintiff in each case is a “member of the family of the deceased” person she had married, within the meaning of that phrase as used in Section 4123.59, Revised Code.
There is no question in either case that plaintiff entered into a bigamous marriage with the now deceased employee, and there is no evidence of any consequence that a divorce was obtained either prior to or after the second marriage.
Where there is absence of proof that there has been a divorce of the parties to a marriage, there is a presumption that the marital status of the parties continues, and the burden is on such a party claiming the validity of a second marriage to overcome such presumption. Industrial Commission v. Dell, Exrx., 104 Ohio St., 389, 135 N. E., 669, 34 A. L. R., 422. See, also, Evans v. Reynolds, 32 Ohio St., 163. This presumption has not been overcome in either of the instant cases. The plaintiff in each of these cases not having been the lawful wife of the deceased workman (Industrial Commission v. Dell, supra), within the meaning of Section 4123.59, Revised Code, and, “dependency” under the Workmen’s Compensation Act not encompassing relationships not recognized by law (Staker, Gdn., v. Industrial Commission, 127 Ohio St., 13, 186 N. E., 616; Garner, Gdn., v. B. F. Goodrich Co., 136 Ohio St., 397, 26 N. E. [2d], 203; Welsh v. Industrial Commission, 136 Ohio St., 387, 26 N. E. [2d], 198; Miller, a Minor, v. Industrial Commission, 165 Ohio St., 584, 138 N. E. [2d], 672), plaintiff does not have the right to support and hence is not a “dependent” within the meaning of Section 4123.59, Revised Code.
In each case, the judgment of the Court of Appeals is reversed, and final judgment is rendered for appellant.

Judgments reversed.

WeygaNdt, C. J., ZimmekmaN, Stewart, Bell, Taft, Matthias and Herbert, JJ., concur.