**AETNA LIFE INSURANCE COMPANY, HARTFORD, CONNECTICUT, a Corporation, Plaintiff,**

v.

**William McMILLAN et al., Defendants.**

**Civ. No. 7761.**

United States District Court
N. D. Ohio, W. D.
March 13, 1958.

Shumaker, Loop & Kendrick, Carl V. Bruggeman, Toledo, Ohio, for plaintiff.

Clarence G. Smith, Richard H. Conn, Toledo, Ohio, for defendants.

KLOEB, District Judge.

This matter comes before the Court on a motion of the defendant Hozel McMillan for a summary judgment on the ground that there is no genuine issue as to any material fact.

On May 8, 1957, plaintiff filed an action of interpleader under the provisions of Section 1335 of Title 28 of the United States Code.

Defendant William McMillan, also known as Will McMillan, is the father of the deceased William McMillan who was an insured employee of a participant employer who was covered under two group insurance policies. On April 28, 1956, William McMillan, the insured, died of accidental means.

Defendants Aslean McMillan and Ruthie Mae McMillan are sisters of the deceased. The father and sisters have assigned any interest that they may have in the proceeds of the insurance in question to defendant Hozel McMillan, who is a brother of the deceased.

Defendant Mildred McMillan, also known as Mildred Chandler, a minor, is an illegitimate child of the deceased. Defendant Idella Jefferson is the mother of Mildred McMillan.

The contest over the proceeds of the insurance policies involved is between Richard H. Conn, Guardian Ad Litem of defendant Mildred McMillan, and the brother of the deceased, Hozel McMillan.

William McMillan died without having designated a beneficiary in either of the two group policies that he died possessed of. Each of these policies contains the following provision relative to beneficiaries:

"(b) if no designated beneficiary survives the employee, or if no beneficiary has been designated, payment shall be made to the employee's widow or widower, if surviving the employee; if not surviving the employee, in equal shares to the employee's children who survive the employee; if none survives the employee, to the employee's parents, equally, or to the survivor; if neither survives the employee, in equal shares to the employee's brothers and sisters who survive the employee; or, if none survives the employee, to the employee's executors or administrators."

Deceased left no widow surviving him, no children except the claimant Mildred McMillan, also known as Mildred Chandler, left his father, who has assigned his interest, if any, to his son and brother of the deceased, Hozel McMillan, left surviving him are two sisters, defendants Aslean McMillan and Ruthie Mae McMillan, who have assigned their interest, if any, to their brother Hozel McMillan.

The precise question presented to us is the following: Can an illegitimate child take under the provisions of the policies involved or, in other words, does the phrase in the quoted portion of the policy "to the employee's children who survive the employee" include the illegit-

imate as well as the legitimate child or, in other words, is the defendant Mildred McMillan, being an illegitimate child of the deceased insured, included in the general beneficiary provisions of the insurance policies in question which provide that the proceeds thereof shall be payable to the "children of the decedent"?

It is agreed that there is no Ohio decision directly in point.

Counsel for claimant Mildred McMillan relies heavily upon the case of Turner v. Metropolitan Life Ins. Co., 1943, 56 Cal.App.2d 862, 865, 133 P.2d 859.

The State of California, unlike the State of Ohio, has by statute placed illegitimate children on full parity with legitimate children insofar as their right to support and maintenance is concerned. Section 196a of the Civil Code of California provides as follows: The father as well as the mother of an illegitimate child must give him support and education suitable to his circumstances, which obligation may be enforced by civil suit brought in behalf of the illegitimate child by its mother or guardian. Section 10110 of the California Insurance Code, St.1935, p. 636, provides as follows:

"Every person has an insurable interest in the life and health of:

\*   \*   \*   \*   \*   \*

"(b) Any person on whom he depends wholly or in part for education or support."

We assume that the California Appellate Court was guided by the pertinent statutory provisions of that State.

While we have no case in Ohio construing the meaning of "child" in beneficiary clauses in insurance policies, we do have a number of cases in which the question of the definition of the word "child", with respect to the status of illegitimate children, has been before Ohio Courts.

In the case of Gibson v. McNeely, 11 Ohio St. 131, the Court held that an illegitimate daughter could not take under the will as the "issue" of her mother, nor could she inherit collaterally from her

mother's niece. On page 136, the Court quotes from 2 Jarman on Wills, 140; Cartwright v. Vawdry, 5 Vesey 530, as follows.

"It is clear, that according to the rule of the common law, a gift to children, sons, daughters, or issue, imports *prima facie* legitimate children or issue, excluding those who are illegitimate;  \*   \*   \* ".

In the case of In re Estate of Humbert, Ohio Prob., 3 Ohio Supp. 330, 331, we find the following in the opinion:

" \*   \*   \* The question for the court to determine is whether or not, under the law of Ohio, an illegitimate child is entitled to a portion of the year's allowance set off to the widow, wherein the paternity of said child has never been legally established and the father has never entered into a marriage relation with the mother of said child, even though the facts show that the father recognized the child as his son and provided for his support.  \*   \*

"The term 'child' at common law, and later as used in the statutes of descent and distribution, was construed to mean a legitimate child. Gibson v. McNeely, 11 Ohio St. 131, 136.

"In the case of Creisar v. State, 97 Ohio St. 16, on page 18, 119 N.E. 128, the Court says as follows:

" 'At common law wherever such terms have been employed they have been held to apply only to those children who are legitimate, and, whether utilized in the statutes of descent and distribution or in connection with criminal offenses, unless such terms have been so enlarged as to include illegitimate offspring, they have invariably been held as applicable only to children born in lawful wedlock.'

" \*.   \*   \*, this Court is of the opinion that the Legislature of our state has not yet declared it to be the policy of the State of Ohio to place an illegitimate child in the

same legal category as one born in lawful wedlock. * * *

" * * * This Court is of the opinion that it would not be in accord with sound public policy to permit an illegitimate child, after the death of the father, to assert any right for support under Section 10509–74 G.C. * * * "

In the case of Creisar v. State, 97 Ohio St. 16, 119 N.E. 128, the syllabus reads as follows:

"The term 'minor' found in section 1655, General Code (103 O.L. 873), should receive its ordinary legal signification, and so construed embraces only minor children who are legitimate. The juvenile court acting under that section has no authority to proceed and punish the father of an illegitimate child, unless its paternity has been acknowledged after intermarriage in conformity to section 8591, General Code."

On page 17 of 97 Ohio St., on page 128 of 119 N.E. of the opinion we find the following:

"The sole question here presented is whether the insolvency court had jurisdiction to inquire into and punish, under the provisions of that section, a father of an illegitimate child. The terms, 'minor,' 'child' or 'children,' utilized in the juvenile act, are used interchangeably and have the same legal signification. At common law wherever such terms have been employed they have been held to apply only to those children who are legitimate, and, whether utilized in the statutes of descent and distribution or in connection with criminal offenses, unless such terms have been so enlarged as to include illegitimate offspring, they have invariably been held as applicable only to children born in lawful wedlock."

In the case of Miller v. Industrial Commission of Ohio, 1956, 165 Ohio St. 584, 138 N.E.2d 672, 673, the syllabi read as follows:

"1. The words, 'child or children,' used in Section 1465–82, General Code (Section 4123.59, Revised Code), are to be construed in their usual and ordinary sense and apply only to legitimate children, adopted children and illegitimate children who have been legitimatized in a manner provided by statute. (Staker, Gdn., v. Industrial Commission, 127 Ohio St. 13, [186 N.E. 616], approved and followed.)

"2. An illegitimate child who has not been legitimatized in a manner provided by statute is not a dependent child within the purview of Section 1465–82, General Code (Section 4123.59, Revised Code), so as to be entitled to benefits under the Workmen's Compensation Act."

In the case of Bonewit v. Weber, 1952, 95 Ohio App. 428, 120 N.E.2d 738, 739, the syllabus reads as follows:

"Section 10509–167. General Code, which provides that a recovery in an action for wrongful death 'shall be for the exclusive benefit of the surviving spouse, the children and other next of kin of the decedent,' does not contemplate a recovery for a child born out of wedlock after the death of the reputed father. Such child does not fall within the classes named in the statute."

On pages 430, 431, 432 of 95 Ohio App., on page 740 of 120 N.E.2d of the opinion, we find the following:

" * * * The matter which is the chief concern is the meaning of the word 'children' as used in the wrongful death act.

* * * * * *

"The Legislature of Ohio has provided a way through Section 10503–15, General Code, by which a child otherwise illegitimate may be deemed legitimate. If the word 'children' as used in Section 10509–167, General Code, is meant to mean both legitimate and illegitimate, then a construction contrary to the

rule laid down in the workmen's compensation case of Staker, Gdn., v. Industrial Comm., 127 Ohio St. 13, 186 N.E. 616, and the Juvenile Court case of Creisar v. State, 97 Ohio St. 16, 119 N.E. 128, must be adopted.

\* \* \* \* \* \*

"We therefore determine that the word 'children' as used in Section 10509–167, General Code, refers to legitimate children. \* \* \* "

We are of the opinion that, insofar as the State of Ohio is concerned, the right of an illegitimate child to share in the proceeds of a policy of insurance upon the life of the child's natural father must be predicated on statutory enactment. The existing statutes of Ohio, so far, do not alter the common law rule to the extent of permitting an illegitimate child, who has not been legitimatized in accordance with statute, to share in the proceeds of an insurance policy that designates as beneficiaries "employee's children who survive the employee".

The motion for summary judgment is sustained. An order may be drawn accordingly.