### LAPSING OF A DEVISE TO AN ILLEGITIMATE CHILD.

Court of Appeals for Knox County.

BERTHA OWENS ET AL v. ETTA HUMBERT, AS EXECUTRIX OF THE LAST WILL AND TESTAMENT OF DAVID K. BLYSTON, DECEASED.

Decided, May 20, 1916.

*Wills—Intention of Testator Not Controlling—As to a Devise to an Illegitimate Child—Whose Death, Leaving Children, Preceded that of the Testator—Construction of the Words "Child or Other Relative" as Used in Section 10581, General Code.*

A devise to an illegitimate child, whose decease occurs prior to that of the testator, lapses on the death of the testator, and does not pass to the children of said illegitimate child, notwithstanding the will indicates an intention on the part of the testator that it should pass to the children of the child of his bounty.

*L. C. Stillwell,* for plaintiffs in error.
*Moore & Sperry* and *Columbus Ewalt,* contra.

HOUCK, J.

This is a proceeding in error prosecuted from the Common Pleas Court of Knox County, Ohio, seeking to reverse the judgment of that court in its finding that a certain legacy of five hundred dollars which had been given to Elizabeth Owens, the mother of the plaintiffs in error, under Item 7 of the last will

and testament of David K. Blyston, deceased, had lapsed. Item 7 of said will reads as follows:

"Upon the death of my said wife I desire and direct my executrix to pay over and deliver to Ester Humbert, daughter of Etta Humbert, the sum of five hundred dollars; to D. K. Bly Mavis, one thousand dollars; to W. H. Blyston, my nephew, five hundred dollars; to Flora Heater, my niece, five hundred dollars; to Elizabeth Owens, five hundred dollars."

This cause was submitted to the court below on an agreed statement of facts, which the court found in its judgment and decree to be true, the agreed statement of facts being as follows:

"*First*.   It is agreed that on the 10th day of March, 1914, David K. Blyston died, leaving a will whereby he appointed the plaintiff (Etta Humbert, executrix) as the sole executrix, and which will was admitted to probate in the Probate Court of Knox County, Ohio, as alleged in the plaintiffs' petition.

"*Second*.   It is agreed that a true and correct copy of the last will and testament of David K. Blyston is attached to the plaintiffs' petition.

"*Third*.   It is agreed that Elizabeth Owens, named in said will, was the illegitimate daughter of the said David K. Blyston.

"*Fourth*.   That the said Elizabeth Owens died on or about the 8th day of January, 1913, before the death of the said David K. Blyston.

"*Fifth*.   That the said Elizabeth Owens left surviving her and the said David K. Blyston her children: Bertha Owens, Stella Bell, and Harry Owens.

"*Sixth*.   That the said Elizabeth Owens was married under the name of Blyston, and that her said father, David K. Blyston, was present at her wedding and gave her away in marriage.

"*Seventh*.   That the said David K. Blyston frequently wrote letters to the said Elizabeth Owens and always addressed her in said letters as 'Dear Daughter.' That the said Elizabeth Owens always addressed him in her letters as 'Dear Father.'

"*Eighth*.   That the said David K. Blyston frequently visited the said Elizabeth Owens and her family.

"*Ninth*.   That at the time of her last sickness he went to visit her at the hospital in Mt. Vernon, and there arranged for her care and comfort.

"*Tenth*.   That the said David K. Blyston was present at and attended the funeral of the said Elizabeth Owens, and manifested great sorrow and grief at her death."

It is contended by defendant in error that by reason of the fact that Elizabeth Owens was the illegitimate child of testator, and that she departed this life before the testator, although she left issue surviving her, that said five hundred dollar legacy given to her in said will thereby lapsed, and is not saved by any provision of Section 10581 of the General Code of Ohio, which is as follows:

"When a devise of real or personal estate is made to a child or other relative of the testator, if such child or other relative was dead at the time the will was made, or dies thereafter, leaving issue surviving the testator, in either case such issue shall take the estate devised as the devisee would have done, if he had survived the testator. If such devisee leaves no such issue, and the devise be of a residuary estate to him or her, and other child or relative of the testator, the estate devised shall pass to and vest in such residuary devisee surviving the testator, unless a different disposition be made or required by the will."

It being admitted that Elizabeth Owens was the illegitimate child of testator, and that she left children surviving her and the testator, was the said Elizabeth Owens such child or other relative as is contemplated by the provisions of said statute, and by reason thereof does the legacy in question go to and vest in her children? This brings us to the real problem to be solved in this case, namely: What is the legal meaning of and the proper construction to be placed upon the words "child or other relative," as used in Section 10581 of our General Code?

As a general rule words and phrases used in the statute are to be taken in their ordinary and popular sense, unless it plainly appears from the context or otherwise that they were used in a different sense. In other words, in the construction of statutes words and phrases used therein which have two significations should ordinarily receive that meaning which is generally given to them in their common use. The words, phrases and sentences of the statute are to be read in their ordinary sense, unless so construing them will lead to what would seem to be an absurdity. If we apply this rule to the case at bar, what is the generally accepted meaning of the word child? When one speaks of his child he means a legitimate child: one born in lawful wedlock.

Does Elizabeth Owens or her surviving children come within the saving clause of the statute under consideration? Certainly not. While the general policy of the law in providing for a disposition of property is to keep it within the blood of the ancestor, yet if the language of the statute, "child or other relative," be given its natural construction, we think that the word "child," in contemplation of law as used in the statute, means legitimate child, and that the term "other relative" applies only to persons of the same kind of relationship to the testator as is sustained by a child. That is to say, if the child in the instant case, being illegitimate, and not being entitled to inherit from David K. Blyston if he had died intestate, then it necessarily follows that the children of Elizabeth Owens, deceased, although they are of the same blood of the testator, yet they can not attain any greater rights in the property of David K. Blyston than the mother possessed. The mere fact that the legatee and her children who survive her are related by blood to the testator in no way enlarges the meaning of the term "other relative," because the legal rights of the children in this case to take the legacy in question are to be determined by the rights of the legatee. If upon the death of the legatee the legacy lapsed by operation of law, then the surviving children of the legatee can not properly claim the legacy. While it is true that the testator and legatee here are of the same blood, yet the legatee having been born out of lawful wedlock is what is known in law as a bastard, and since a bastard at common law was *filius nullius,* and therefore kin to nobody, and had no ancestor from whom any inheritable blood could be derived, it therefore follows that the only inheritable right a bastard has to take property is made so by statute; and we hold that the words, "child or other relative," as used in the statute now under consideration, are within the well known and recognized rule of construction that *prima facie* the word child or children, when used in the statute, means legitimate child or children, and that bastards are not within the meaning of the terms, and that child or children, or any other terms of kindred when used in the statute, mean legitimate children or kindred only.

The intention of the testator is said to be the pole-star to guide and control the court in the interpretation of wills. If we could apply that rule in this case and in addition thereto consider the facts as contained in the agreed statement of facts, we are free to say that from the language used in the will, the facts as contained in the agreed statement of facts, and all the surrounding circumstances, there is no doubt in our minds but that David K. Blyston meant and intended that this five hundred-dollar legacy should be paid to his child, Elizabeth Owens, if she survived him, and if not then to her children. By his conduct and acts, as disclosed in the agreed statement of facts, the testator considered her his child, and the object of his bounty, and felt under a moral obligation to care for her and the objects of his and her love and affection. Yet, notwithstanding all this, the intention of the testator must in this instance be set aside and held for naught because it is in conflict with the positive provision of a statutory law, namely, Section 10581 of the General Code of Ohio. Therefore the responsibility of not carrying out the intention of the testator as to the payment of the legacy in question does not rest with the court, but with the residuary legatee.

In view of what we have already said it therefore follows that the court can do but one thing, and that is affirm the judgment of the common pleas court, which we now do.

Judgment affirmed.

SHIELDS, J., and POWELL, J., concur.