### CITY OF ATLANTA *et al. v.* WILKINSON.

No. 11478. OCTOBER 16, 1936.

*J. C. Savage, C. S. Winn,* and *Bond Almand,* for plaintiffs in error.

*Noah J. Stone, A. L. Henson,* and *John F. Echols,* contra.

BECK, Presiding Justice. On January 1, 1936, there was an ordinance in force in the City of Atlanta for the purpose of levying an occupation tax, which placed a tax on collection agencies of $100 per year, payable quarterly. The City of Atlanta and Riley

F. Elder, its municipal revenue collector, demanded payment of this tax from A. M. Wilkinson, who operates a claim and collection agency under the name of Wilkinson Adjustment Bureau. He refused to pay the tax. Whereupon the City of Atlanta, through its proper officials, on May 1, 1936, issued a fi. fa. against him for $25, as the business or occupation tax for the first quarter, and caused the fi. fa. to be levied on property of Wilkinson. He filed his petition against the city and its revenue collector, to enjoin enforcement of this fi. fa. and to restrain them from advertising his property for sale thereunder. The following are the undisputed facts in the case: Wilkinson is a veteran of the world war, with a disability of greater than ten per cent., and holds a certificate of exemption from the payment of a business license tax, issued by the State Revenue Commission of Georgia, under the provisions of the act of the General Assembly approved March 15, 1935, known as veterans-licenses act, which exempt from the payment of a business license tax all disabled soldiers of specified wars, including the late world war. He received an honorable discharge from the U. S. Army, and showed a certificate from the ordinary certifying to his disability as a veteran, and the certificate from the State Revenue Commission, and when he obtained this exemption certificate he had more than one employee to assist him in conducting his business, and at the time the city assessed this business license tax and at the time of the trial he had more than one employee assisting him in the conduct of his collection-agency business. After interlocutory hearing the court granted an injunction as prayed, and the defendants excepted.

Under the Code, § 84-2011, as amended by the veterans-licenses act of March 15, 1935 (Ga. L. 1935, p. 163), any disabled veteran of the late world war (and certain other wars), with a disability greater than ten per cent., and who is a resident of this State, may conduct a business of the character of that referred to above, in any town, city, or county of this State, without the payment of an occupation or business-license tax. By the general tax act of March 28, 1935 (Ga. L. 1935, pp. 11-72), section 2, paragraph 6, an occupation tax is levied upon collecting agencies; but in section 22, relating to exemptions, it is provided, among other things, that "No person shall be exempt from any tax imposed who has more than one employee to assist in conducting such business."

240

The plaintiffs in error contend that the last-quoted provision of the act of 1935 denies exemption from taxation to the defendant in error, who, it is agreed, has more than one employee to assist in conducting his business as a collection agency, and that this denial of exemption from taxation applies in this case, where the city and its officers are seeking to collect the regular license or business tax assessed against all collection agencies, in accordance with the ordinance. We can not agree to this contention. The act of March 28 is a general tax act, enacted as the basis for the revenue of the State for a period of two years only; that is, at each session of the General Assembly such general tax act is enacted, which repeals all provisions of any preceding general tax act. Every tax mentioned in this general tax act is a tax payable to the State; whereas the act of March 15, 1935, which exempts disabled veterans, grants this exemption solely from the tax payable to a town, city, or county of this State. While the language quoted from the general tax act of March 28, 1935, is general, it will not be held to repeal any of the provisions of the act of March 15, 1935; and the more especially so, since there is no express reference in the act of March 28 to any provision in the act of March 15. Consequently the court did not err in granting the injunction against the City of Atlanta and its municipal revenue collector.

*Judgment affirmed. All the Justices concur, except Atkinson, J., absent because of illness.*