HEAD, revenue commissioner, *v.* WILKINSON.

No. 12374. September 23, 1938.

M. J. Yeomans, attorney-general, Broadus B. Zellars, and E. J. Clower, for plaintiff in error.

A. L. Henson, Noah J. Stone, and John F. Echols, contra.

JENKINS, Justice. The holdings in the syllabus require no elaboration other than a reference to the case of City of Atlanta v. Wilkinson, 183 Ga. 238 (187 S. E. 868), upon which the defendant in fi. fa. strongly relies. That case involved an occupation tax imposed by the City of Atlanta, while the present case involves an occupation tax imposed by the State of Georgia. In the former case no question was involved as to whether the restriction of section 22 of the general tax act of March 28, 1935 (Ga. L. 1935, p. 70), that "no person shall be exempt from any tax imposed who has more than one employee to assist in conducting such business," was applicable to a claim of exemption from a State tax. Section 22 of this act expressly provides that "any person engaging in any occupation taxed by this act who claims to be exempted from the payment of the taxes herein imposed . . must first satisfy the State Revenue Commission," etc., manifestly imposes no tax in behalf of municipalities, and therefore clearly has no reference to any claim of exemption from a municipal tax. Consequently the holding in the City of Atlanta case, that "every tax mentioned in this general tax act is a tax payable to the State," was unquestionably correct. There was, however, as stressed in

the present case, additional language in the syllabus and opinion, as follows: "*No provision of the veterans-licenses act of March 15, 1935, was repealed by any provision of the general tax act of March 28, 1935. . . The act of March 15, 1935,* which exempts disabled veterans, *grants this exemption solely from the tax payable to a town, city, or county of this State.* While the language quoted from the general tax act of March 28, 1935, is general, *it will not be held to repeal any of the provisions of the act of March 15, 1935;* and the more especially so, since there is no express reference in the act of March 28 to any provision in the act of March 15." [Italics ours.] The language just quoted, to the effect that the exemption statutes apply only to city and county taxes, if here followed, would necessarily deprive all war veterans of any right to claim exemption from State occupation taxes, irrespective of any question as to the number of their employees. The exemption statutes as amended by the act of March 15, 1935, are not, however, thus restricted. These laws give to the veterans of the Confederate, the Spanish, and the late European Wars, subject to certain exceptions and restrictions, the privilege either to "peddle or conduct business in any town, city, county, or counties . . without paying license," or "license tax to the *State* or to any county or municipality thereof." Code, §§ 84-2011 et seq.; Ga. L. 1935, p. 164, § 2. They thus in terms recognize that the exemption is applicable not merely to municipal and county license taxes, but to State license taxes as well. Previously also, in *Tyner* v. *Winslett,* 174 *Ga.* 267, 274, 277 (162 S. E. 807), before the clarifying amendment of 1935, a majority of this court, in passing upon this specific point, had held that the exemption was not limited to municipal and county tax burdens, but extended also to occupation taxes imposed by the State.

Accordingly, the language in *City of Atlanta* v. *Wilkinson,* supra, that "the act of March 15, 1935, which exempts disabled veterans, *grants this exemption solely from the tax payable to a town, city, or county* of this State," being unnecessary to the decision in that case and contrary to the express language of the exemption statutes, can not be taken as controlling against the plaintiff in error in this case. The remaining italicized language used in that case, to the effect that no provision of the exemption statutes as amended in 1935 was repealed by the subsequent general tax act of 1935,

would, however, if followed, be controlling, not against, but in favor of the plaintiff in error. But this language, like that just dealt with, is obiter. This is true since in that case the only question was whether a city-tax exemption was repealed by a proviso expressly relating and limited to State taxes.

The questions in this case do not relate to municipal taxes, but solely to the State occupation tax of $200 levied upon collecting agencies by par. 6 of the general tax act of 1935 itself. Ga. L. 1935, p. 14. And the question of amendment or repeal here involved is whether section 22 of the same general tax act, which in terms makes its restriction as to the number of employees applicable to claims of exemption under "this act or *any other act of this State,*" has the effect of impliedly amending the previous veteran exemption laws of the Code and the act of 1935, so as to impose such restriction as to employees upon the *general* right of exemption existing under the prior laws. On that essential question, since section 22 expressly refers to exemption claims made under other acts of the State, and since the general tax act of 1935 is itself a general law enacted *after* all of the veteran exemption laws, it must necessarily be held as controlling, and as impliedly amending or repealing any such previous laws in so far as they are necessarily inconsistent. Section 22 must therefore be held to have impliedly amended the previous general exemption law by attaching thereto the employee exception or restriction. The fact that no legislative policy has been more tenaciously or more properly adhered to in this State than that of extending to war veterans with proper qualifications every possible exemption not forbidden by the constitution (*Tyner* v. *Winslett,* supra; *Burch* v. *Ocilla,* 5 *Ga. App.* 65, 70, 62 S. E. 666), would not authorize this court to disregard an express later enactment creating a new restriction or regulation, or not to follow long recognized rules of statutory construction.

*Judgment reversed. All the Justices concur.*