BRINKLEY, next friend, *v.* DIXIE CONSTRUCTION COMPANY.

No. 16679. June 15, 1949.

*Oliver, Oliver & Davis*, for plaintiff.
*Hitch, Morris, Harrison & Smith*, for defendant.

**416**

CANDLER, Justice. The Court of Appeals certified to this court for answer the following question: "Under the Georgia Acts of 1943, p. 538, § 1, as codified in the 1933 Code Supp., § 74-204, does a bastard minor child or children, suing by next friend, have the legal right to recover for the tortious death of the father?"

We may state at the outset that such a right did not exist at common law, and if an illegitimate child may now maintain an action in this State to recover damages in such a case, the right to do so must be found in our statutes. *Robinson* v. *Ga. R. & Bkg. Co.*, 117 *Ga.* 168 (43 S. E. 452, 60 L. R. A. 555, 97 Am. St. R. 156). The Code, § 105-1302, provides: "A widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent, the full value of the life of the decedent, as shown by the evidence." This court has consistently held that the word "child" or "children" as used in the above section of the Code means a legitimate child or children. *Hicks* v. *Smith*, 94 *Ga.* 809 (22 S. E. 153) ; *Floyd* v. *Floyd*, 97 *Ga.* 124 (24 S. E. 451) ; *Johnstone* v. *Taliaferro*, 107 *Ga.* 6 (32 S. E. 931, 45 L. R. A. 95) ; *Robinson* v. *Ga. R. & Bkg. Co.*, supra. Those decisions are binding upon us and will be followed in the present case unless the law upon which they are based has been subsequently changed by legislative action so as to require a different ruling at the present time. The plaintiff in error contends that it has, and as authority for that position relies upon section 1 of the act of 1943 (Ga. L. 1943, p. 538; Code, Ann. Supp., § 74-204), which provides: "No court, commission, or quasi-judicial body shall discriminate against any person because of his illegitimate birth." Concededly, this section of the 1943 act does not expressly amend any particular statute or section of the Code, but the plaintiff in error insists that it amends by implication Code § 105-1302, so as to embrace within its terms an illegitimate child or children. We, of course, recognize the right of the legislature to amend an existing law by implication (*Head* v. *Wilkinson*, 186 *Ga.* 739, 198 S. E. 782) ; but such amendments are not favored (*Montgomery* v. *Board of Education of Richmond County*, 74 *Ga.* 41), and never occur except where the later act is clearly and indubitably contrary to the existing law. In other words, the intention of the legislature to

amend an existing law by implication must be clearly and unquestionably shown by the provisions of the amending act, because an implied amendment to an existing law cannot arise out of a supposed legislative intent in no way expressed, however proper it may seem to be. Testing that section of the 1943 act relied upon by this rule, we are unable to agree with the contention of the plaintiff in error that it amends by implication § 105-1302 of the Code so as to authorize an illegitimate child to sue for the tortious death of its father. Our construction of the section in question is materially strengthened, we think, by section 2 of the act, which expressly confers upon the mother of an illegitimate child the right to maintain an action for damages arising out of injuries to or the death of her child, whether she sue in her own right or in her capacity as guardian, executor, or administrator. Obviously, if the legislature had intended by section 1 of the act to amend § 105-1302 of the Code, as the plaintiff in error contends, then section 2 of the act was unnecessary and is mere surplusage. Incidentally, we may say that the very fundamentals upon which our system of jurisprudence rests have always prohibited the courts from discriminating against any person regardless of his status, and if the law does in fact discriminate against illegitimate children, it is the responsibility of the General Assembly to prevent it by appropriate legislative action.

As we view that section of the act relied upon in the present case, it does not purport to amend any existing law and amounts only to an effort on the part of the legislature to perform a judicial function in violation of article 1, section 1, paragraph 23, of the Constitution of 1945, by directing the judiciary concerning the construction which it should place upon the law. Accordingly, the question certified is answered in the negative.

*Question answered. All the Justices concur. Atkinson, P. J., concurs in the result, but not in all that is said in the opinion.*