BONEWIT, ADMR., APPELLANT, *v.* WEBER, APPELLEE.

(No. 4308—Decided October 15, 1952.)

*Messrs. Myers, Myers & Myers,* for appellant.
*Mr. James Olds* and *Mr. H. A. Waltz,* for appellee.

HUNSICKER, P. J. This court has before it an appeal on questions of law from the following judgment of the trial court of Summit county, Ohio:

"This case having been regularly assigned for trial upon the 22nd day of October, 1951, it was thereupon agreed by and between the parties, and with the consent of the court, that the parties would submit to the court, without the intervention of a jury, the question

as to whether or not Robert Alan Malazo is a child or next of kin of the plaintiff's decedent, Roy Bonewit, within the meaning of General Code, Section 10509-167, as set forth in the amended supplemental petition of the plaintiff, and that such determination should be made by the court upon the submission of the evidence supporting the allegations contained in said amended supplemental petition. Upon such determination of said issues the court should instruct the jury in accordance with his findings, as to whether or not, in determining the amount of damages found by them in their verdict if such verdict should be in favor of the plaintiff, they should include therein any damages accruing to the said Robert Alan Malazo. Thereupon, said issue was submitted to the court upon the pleadings and the evidence and the arguments of counsel.

"Upon consideration thereof, it is the finding of the court, as a matter of law, that the said Robert Alan Malazo, the alleged illegitimate, posthumous child of Roy Bonewit, would be a beneficiary within the meaning of General Code Section 10509-167 if it were shown that the said Roy Bonewit was the father of said child, and that Roy Bonewit recognized or acknowledged said child to be his during Roy Bonewit's lifetime.

"The court further finds, upon the evidence, that the plaintiff has failed to show that Roy Bonewit was the father of said child or that Roy Bonewit recognized or acknowledged that said child was his child, during his lifetime.

"It is therefore ordered that the said Robert Alan Malazo is not entitled to share in any amount recovered in this action for the benefit of the next of kin of the said Roy Bonewit.

"To all of which the plaintiff excepts."

The question dispositive of the issue in this court is:

Can a child born out of wedlock after the death of the reputed father be a beneficiary under the statutes (Section 10509-166 *et seq.*, General Code) providing for an action for wrongful death? Such question may also be stated as follows: Does Section 10509-167, General Code, which provides that a recovery in an action for wrongful death "shall be for the exclusive benefit of the surviving spouse, the children and other next of kin of the decedent," contemplate a child born out of wedlock after the death of the reputed father?

Roy L. Bonewit, the deceased, and Julia Malazo, the mother of the child Robert Malazo, were not husband and wife but were engaged to be married.

As a result of a collision between two motor vehicles on October 12, 1946, Roy Bonewit died on October 18, 1946.

Robert Malazo, the claimed child of Roy Bonewit and who seeks to be a beneficiary herein, was born to Julia Malazo on June 26, 1947. However, the fact that Roy Bonewit knew that Julia Malazo was pregnant, that such pregnancy was caused by him, and that he admitted to his friends and relatives that he was the one who caused such pregnancy, is not the issue in this case. The matter which is the chief concern is the meaning of the word "children" as used in the wrongful death act.

Does the word "children" as used in the statute (Section 10509-167, General Code) mean a child born to a woman as in the instant case?

We think not. We do not have the situation where, after pregnancy, a marriage is contracted, and then a child is born in lawful wedlock; nor do we have the situation where a man marries a woman, the mother of a child born before such marriage, and thereafter the husband acknowledges the child to be his, as in

*Eichorn* v. *Zedaker,* 109 Ohio St., 609, 144 N. E., 258; nor the case of a child born as the result of a void marriage, as in *Garner, Gdn.,* v. *B. F. Goodrich Co.,* 136 Ohio St., 397, 26 N. E. (2d), 203; nor the case of a child born to parties married under the common law, as in *Umbenhower* v. *Labus,* 85 Ohio St., 238, 97 N. E., 832.

We do not have the situation where a child born out of wedlock seeks a recovery as a result of the wrongful death of its mother, as in the case of *Muhl's Admr.* v. *Michigan Southern Rd. Co.,* 10 Ohio St., 272.

The Legislature of Ohio has provided a way through Section 10503-15, General Code, by which a child otherwise illegitimate may be deemed legitimate. If the word "children" as used in Section 10509-167, General Code, is meant to mean both legitimate and illegitimate, then a construction contrary to the rule laid down in the workmen's compensation case of *Staker, Gdn.,* v. *Industrial Comm.,* 127 Ohio St., 13, 186 N. E., 616, and the Juvenile Court case of *Creisar* v. *State,* 97 Ohio St., 16, 119 N. E., 128, must be adopted.

In the case of *Creisar* v. *State, supra,* the court at pp. 17 and 18 said:

"The terms, 'minor,' 'child' or 'children,' utilized in the juvenile act, are used interchangeably and have the same legal signification. At common law wherever such terms have been employed they have been held to apply only to those children who are legitimate, and, whether utilized in the statutes of descent and distribution or in connection with criminal offenses, unless such terms have been so enlarged as to include illegitimate offspring, they have invariably been held as applicable only to children born in lawful wedlock."

A similar construction of the word "child" found

in former Section 10581, General Code (now repealed), was adopted in the case of *Owens* v. *Humbert, Exrx.,* 5 Ohio App., 312, 25 C. C. (N. S.), 522, 27 C. D., 307.

When we examine the construction of statutes of other states where the words "child" or "children" are used, we find that, unless there is something in the statute itself which shows a contrary intent on the part of the Legislature, the courts have held the word to mean legitimate descendants. *Brinkley* v. *Dixie Construction Co.,* 205 Ga., 415, at p. 416, 54 S. E. (2d), 267, at p. 268; *In re Estate of Cady,* 257 App. Div., 129 at p. 130, 12 N. Y. Supp. (2d), 750, at p. 751, affirmed, 281 N. Y., 688, 23 N. E. (2d), 18; *In re Estate of Vincent,* 189 Misc., 489, at p. 491, 71 N. Y. Supp. (2d), 165, at p. 167; *Jung* v. *St. Paul Fire Department Relief Assn.,* 223 Minn., 402, at p. 404, 27 N. W. (2d), 151, at p. 153; *Hiser, Admx.,* v. *Davis, Director-General of Railroads,* 234 N. Y., 300, at p. 305, 137 N. E., 596, at p. 598; *Hall* v. *Fivecoat,* 110 Ind. App., 704, at p. 709, 38 N. E. (2d), 905, at p. 907.

See also: 30 A. L. R., 1075.

We therefore determine that the word "children" as used in Section 10509-167, General Code, refers to legitimate children. In such situation, Robert Malazo is not a beneficiary under the statute.

We find no error prejudicial to the rights of the appellant.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

DOYLE and STEVENS, JJ., concur.