172 So.2d 243 (1965)
Robert YOUNG, Jr., and Allen Hertz, Appellants,
v.
Ana Celia Viruet de GARCIA, Individually, as widow of Antonio Garcia, deceased, or alternatively as dependent of Antonio Garcia, deceased, and Rosita Garcia, Hector Garcia, Gladys Garcia and Irma Iris Garcia, minors, by their mother and next friend, Ana Celia Viruet de Garcia, Appellees.
No. 64-458.
District Court of Appeal of Florida. Third District.
February 23, 1965.
Sherouse & Corlett; Richard M. Gale, and I. Stanley Levine, Miami, for appellants.
Nichols, Gaither, Beckham, Colson & Spence and Alan R. Schwartz, Miami, for appellees.
Before TILLMAN PEARSON, HORTON and HENDRY, JJ.
HORTON, Judge.
Plaintiff-appellee, the alleged widow of the decedent, brought action pursuant to § 768.02, Fla. Stat., F.S.A., to recover damages for decedent's wrongful death. The *244 amended complaint sought damages under three alternative theories: first, plaintiff as the widow of the deceased, or second, the children qua children of the deceased, or third, plaintiff and the children as dependents of the deceased. Motions by defendants to dismiss and for summary judgment were denied and at the trial, the judge ruled as a matter of law that plaintiff was the proper party to maintain the action. The case proceeded to final judgment in favor of the plaintiff from which this appeal is taken.
Section 768.02, supra, provides:
"Every such action shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child or children, then the action may be maintained by any person or persons dependent on such person killed for a support * * *."
The basic issue involved is whether the plaintiff, a resident of and domiciled in Puerto Rico, may be considered a widow in contemplation of § 768.02, supra, where (1) she and decedent were never ceremonially married; (2) she and decedent never lived together in Florida; and (3) she and decedent lived together only in Puerto Rico, which jurisdiction does not recognize common law marriages.
It has been generally held that in actions for wrongful death the law of the place of the injury applies. Rositzky v. Rositzky, 329 Mo. 662, 46 S.W.2d 591. This principle has been applied to determine who has standing to bring the action, or in other words, what "status" a plaintiff must have with regard to the decedent. Rositzky v. Rositzky, supra. However, what law is applied to determine whether or not the plaintiff does in fact have the requisite status is not quite so clear. 92 A.L.R.2d 1146. Whether we apply Florida law or Puerto Rico law to the issue of plaintiff's status, we reach the result that she is not decedent's widow. The Florida rule and the general rule with regard to marriage is that the validity of a marriage is determined by the law of the state where the contract of marriage takes place. Goldman v. Dithrich, 131 Fla. 408, 179 So. 715. The undisputed facts in this case disclose that plaintiff and decedent, both Puerto Rican domiciliaries, lived together in Puerto Rico but were never ceremonially married. It is conceded that Puerto Rico does not recognize common law marriages. Since the alleged marriage was invalid where celebrated, it is similarly invalid in Florida. Goldman v. Dithrich, supra.
Even if we decided that the relationship between plaintiff and decedent in Puerto Rico should be viewed as though that relationship existed in Florida, it would not change our holding. The record is replete with evidence to the effect that plaintiff and decedent intended to get married but had not gotten around to it. Therefore, under the principles of Marsicano v. Marsicano, 79 Fla. 278, 84 So. 156, no common law marriage could have existed in Florida.
Since we have determined there is no legal widow as contemplated by § 768.02, supra, authorized to pursue this action, the next in right would be the children of the decedent, if any. By the term children, we refer to the legitimate children. Although we have found no Florida cases on this precise point, other jurisdictions have held that illegitimate children have no standing to recover damages under wrongful death statutes. See Frazier v. Hoil Chemical Company, 1962, 407 Pa. 78, 179 A.2d 202; Bonewit v. Weber, 1952, 95 Ohio App. 428, 120 N.E.2d 738; 72 A.L.R.2d 1235; and cf. Hadley v. City of Tallahassee, 67 Fla. 436, 65 So. 545. The general rule is that the law of the domicile of the father determines the legitimacy of his children. 10 C.J.S. Bastards § 8. In this *245 case that would be the law of Puerto Rico. A concise analysis of that law is applied to a situation strikingly similar to the case subjudice appears in DiMedio v. Port Norris Express Co., 71 N.J. Super. 190, 176 A.2d 550. If analysis of the Puerto Rican law discloses there are no legitimate children authorized to maintain this action, then the court should permit those who occupy the next in right status to proceed with this case.
Accordingly, the final judgment is reversed, and the cause is remanded for further proceedings not inconsistent herewith.
Reversed and remanded.