45285. WALKER et al., by Next Friend v. HALL.

PANNELL, Judge. 1. This case was transferred to the Court of Appeals on the ground that no question relating to the constitutionality of an Act of the General Assembly was presented for decision under the record on appeal. *Walker v. Hall,* 226 Ga. 68 (172 SE2d 411). Accordingly, the constitutional attack on *Code* § 105-1302, made in the brief of the appellant, will not be considered by this court.

2. The present appeal is from the grant of a summary judgment in favor of a defendant in a death action seeking recovery of damages for the death of their father brought by his illegitimate children under *Code* § 105-1302, which provides: "A widow, or, if no widow, a child or children, minor or sui juris, may recover for the homicide of the husband or parent, the full value of the life of the decedent, as shown by the evidence." The question here is whether an illegitimate child has a right of action to recover for the tortious death of its father. Prior to the amendment of 1960 (Ga. L. 1960, p. 968) of *Code* § 105-1306, that section provided: "The husband and/or child or chil-

dren may recover for the homicide of the wife or mother, and those surviving at the time the action is brought shall sue jointly and not separately, with the right to recover the full value of the life of the decedent, as shown by the evidence, and with the right of survivorship as to said suit, if either shall die pending the action." The Act of 1960, among other things, amended this section by specifically providing for a recovery by an illegitimate child or children in addition to a child or children. No such change was made in *Code* § 105-1302. The Supreme Court of this State in answer to a certified question from the Court of Appeals *(Brinkley v. Dixie Constr. Co.,* 205 Ga. 415 (54 SE2d 267)) held that under former *Code* § 105-1306, the words "child or children" did not comprehend an illegitimate child or children. In our opinion, the words "child or children" as used in *Code* § 105-1302 has the identical meaning, that is, they do not include an illegitimate child or children. Accordingly, we affirm the trial judge in granting the defendant's motion for summary judgment.

*Judgment affirmed. Jordan, P. J., and Eberhardt, J., concur.* ARGUED APRIL 5, 1970—DECIDED MAY 20, 1970—REHEARING DENIED JUNE 10, 1970.

*Culpepper & Culpepper, S. M. Culpepper,* for appellants.

*Robert E. Lanyon, Martin, Snow, Grant & Napier, Cubbedge Snow,* for appellee.