### 46359. SAPP v. KITCHENS et al.

EBERHARDT, Judge. 1. There was no error in excluding testimony of a physician that his finding of a ruptured disc was compatible with a history of an accident given to him by the patient. *Perkins v. Perkins*, 227 Ga. 177, 180 (179 SE2d 518); *Paulk v. Thomas*, 115 Ga. App. 436 (3) (154 SE2d 872); *East Point Ford Co. v. Lingerfelt*, 123 Ga. App. 520 (181 SE2d 713). The rule as to admissibility is the same when a deposition of the physician is offered as when he testifies upon the trial, and it is not changed by a stipulation between counsel when taking the deposition that all objections are reserved except as to leading questions and as to the form of questions, until the evidence is offered at the trial, nor is it changed by the provisions of *Code Ann.* § 81A-132 (c) (2, 3).

2. For the same reason it was not error to exclude the physician's testimony that "It is our feeling, according to the history available, apparently this patient was well prior to the time of his

accident of February, 1969."

Nor would it render the evidence admissible if "our" and "us" were changed to "my" and "me." Immediately prior to making this statement the doctor had asserted that on the occasion of the last visit of the patient to the office he had not been there and the patient was seen by an associate. The testimony in question is inadmissible whether it was intended as the opinion of the physician testifying or as the composite opinion of himself and his associate. *Moore v. State*, 221 Ga. 636, 641 (146 SE2d 895).

3. The court charged the jury that "if you find that the defendant was negligent in failing to yield the right of way and in entering the highway in front of the vehicle driven by the plaintiff, if you should find such to be, and if you find that this constituted an emergency confronting the plaintiff, then, in such emergency the plaintiff would not be required to exercise the same amount of caution which would be exercised by a person not confronted with an emergency . . ."

At the close of the charge plaintiff's counsel orally requested the court to charge the provisions of *Code Ann.* § 68-1646, and the request was denied.

We find no error. Though the language used in the charge given was not the same as that found in the Code section, we see no substantial difference as applied to the facts here. Moreover, it is never error to deny an oral request. *Slaughter v. Linder*, 122 Ga. App. 144, 146 (176 SE2d 450); *Kendrick v. Kendrick*, 218 Ga. 460 (2) (128 SE2d 496).

4. Likewise, there was no error in denying an oral request to charge the provisions of *Code Ann.* § 68-1652.

5. Nor was there error in the denial of an oral request "to give in charge the law applicable to negligence per se." That negligence per se was charged in the complaint, and may have been authorized by the proof does not render it error to deny an oral request. And see *Pritchard v. Myers*, 219 Ga. 290 (2) (133 SE2d 95).

6. There was evidence which, if believed, authorized the verdict returned. The general grounds of the enumeration are without merit.

*Judgment affirmed. Hall, P. J., and Pannell, J., concur. Whitman, J., not participating.*

ARGUED JUNE 30, 1971—DECIDED OCTOBER 21, 1971—
REHEARING DENIED NOVEMBER 3, 1971—

*Dewey Hayes, Sharpe, Sharpe, Hartley & Newton, W. Ward Newton,* for appellant.

*Preston & Preston, Robert H. Preston,* for appellees.