## 48003. HEAVEY v. SECURITY MANAGEMENT COMPANY, INC.

HALL, Presiding Judge. The defendant appeals from the judgment in an action for breach of a lease with a counterclaim for loss of personal property due to the negligence of the landlord's agents. The parties made the following stipulation: "The cause may be tried by the court upon the basis of the pleadings, interrogatories and answers, without the submission of further testimony either oral or documentary." The court rendered judgment against the defendant in the amount of $465, plus $69.75 "interest" and court costs.

Plaintiff's original petition alleged an indebtedness of $2,250 arising from the breach; alleged entitlement to 15 percent

attorney fees ($337.50) pursuant to the lease; and alleged that "notice of demand [for attorney fees] as required by law has been sent." The petition was verified by plaintiff's lawyer who simply swore that the facts set out "are true and correct to the best of his knowledge." A copy of the lease was attached, although not referred to in the pleadings.

The defendant's answer denied all the above allegations and further set out a counterclaim for $5,125, alleged to be the result of a loss by theft when plaintiff's managers negligently allowed certain unauthorized persons into defendant's apartment without her knowledge or consent. A schedule of the stolen items was attached. The answer was personally verified by the defendant who swore that the facts set out "are true."

Interrogatories were propounded on both sides and answered under oath by the plaintiff's property manager and the defendant. Following this, the plaintiff amended its petition by substituting as the demand for damages the sum of $465, "including $115 to recondition the apartment," and substituting for attorney fees the amount of $69.75. The attorney again swore that the "facts" of the amendment "are true and correct."

The issue on this appeal is what, in all of the above allegations, statements, answers, etc., the court was authorized to consider in reaching its judgment. The plaintiff contends that implicit in the stipulation quoted at the beginning was an agreement that the court could consider *everything* before it as being proven. We cannot agree with that. The stipulation did not contain any language we can construe as an agreement that all the allegations, including those of the counterclaim, were accepted as proven facts. We believe the stipulation is no more than an agreement on a method of determining the case, i.e., by the court alone and with no need to call witnesses. Parties may stipulate anything factual, and may sometimes waive the benefit of statutory or constitutional provisions, but they cannot by stipulation fix or change the law. *Sapp v. Kitchens,* 124 Ga. App. 764 (186 SE2d 121); Hussey v. Campbell, 189 FSupp. 54, affirmed 368 U. S. 297 (82 SC 327, 7 LE2d 299); 50 Am Jur. 607, Stipulations, §§ 4 and 5.

Here, both parties clearly waived their rights to a traditional trial and to a trial by jury in the stipulation. They did not, however, waive, agree to change, or affect in any way the law of evidence. *Sapp v. Kitchens,* supra.

It is basic that unsworn allegations are not evidence; nor do they

rise to that level when accompanied by an affidavit made, not upon personal knowledge, but upon "the best of [a lawyer's] knowledge," which is just a variation of our old friend "information and belief." See *Plant & Son v. Mutual Life Ins. Co.,* 92 Ga. 636 (19 SE 719); Code Ann. § 81A-156 (e). While the requirement of personal knowledge may sometimes be inferred from the material in evidence, there is nothing of that sort here. See *Holland v. Sanfax Corp.,* 106 Ga. App.1 (126 SE2d 442). The only reasonable inference from the lawyer's affidavit is that the plaintiff-client, who did have the personal knowledge, related certain facts to its lawyer who then swore to their truth based upon his judgment of the client's agent's credibility. This is not sufficient. The sworn statement of truth accompanying the amendment is equally worthless. All it says is that the lawyer has personal knowledge of the truth that he was substituting figures.

The plaintiff proved no case by its pleadings. However, it did prove one through the sworn answers to interrogatories; i.e. that the apartment was vacant for two months only after defendant moved; that the monthly rental under the lease was $250; and that defendant had paid a security deposit of $150. This evidence demands a verdict for plaintiff on the main claim of $350. (The defendant's sworn answer did not deny vacating the premises before expiration of the lease, but only the allegation of a $2,250 indebtedness.) The bare allegation of reconditioning the apartment did not authorize the court to add on the extra $115; nor did the allegation of demand for attorney fees, in the face of a sworn denial, authorize the court to award them. (The court's judgment awarded the exact amount asked as attorney fees under the name of "interest." We believe this was an oversight or mistake, as the coincidence of legal interest on the main sum working out to the same figure is too improbable; and further, as a matter of practice, dollar amounts for interest are rarely, if ever, stated in the judgment.)

For the above reasons the judgment on plaintiff's claim is affirmed on condition that the amounts for reconditioning and attorney fees (interest) are written off.

On the other hand, defendant's counterclaim, which she verified, contained some facts which would fall within the category of personal knowledge by inference from other evidence (i.e., her answers to interrogatories) and from plain common sense. There was, therefore, some evidence in support of her counterclaim, but

not a prima facie case. Her statements concerning the alleged negligent acts of plaintiff's agents were clearly hearsay which the court could not consider for the same reasons stated above. With the counterclaim standing denied automatically, the court was authorized to grant judgment for the plaintiff.

*Judgment affirmed with direction. Evans and Clark, JJ., concur.*
SUBMITTED APRIL 4, 1973 — DECIDED MAY 11, 1973.

*Peek, Whaley & Haldi, C. Glenn Stanford, William H. Whaley,* for appellant.
*A. Ed Lane, George S. Stern,* for appellee.