## 49932. ANDREWS et al. v. WILLIS et al.

CLARK, Judge.

Two questions are here presented: (1) Are children born of a marriage which was void because their mother had wedded their father without obtaining a divorce from her surviving spouse entitled to sue as plaintiffs under the provisions of Code Ann. § 105-1302 for the tortious homicide of their father? (2) Is a stipulation by counsel that such children are "illegitimate" binding? We answer "Yes" to the first and "No" to the second query.

In this case the appeal is limited to determining if the trial court erred in granting a summary judgment to defendants where the plaintiffs were seven children born to Essie Lue A. Andrews and Willie Frank Andrews. The wife had been previously married and had not been divorced, a fact which she admitted and which was substantiated by the first husband's affidavit. Thus was confirmed the fact that the first undivorced spouse was in life during the period of the second marriage in which the seven minor plaintiffs were born.

The judgment from which this appeal is taken recites that "upon consideration of the pleadings, answers to interrogatories, the affidavit of Harvey Starr, *and the oral stipulation by the attorney for plaintiffs that Willie Andrews, Bobby Andrews, Flecia Andrews, Jarvis Andrews, Kelsea Andrews, Johnny Andrews and Tiny Andrews are the illegitimate children of the deceased,* Willie Frank Andrews, it appears there is no genuine issue as to any material fact and that the defendants are entitled to a judgment as a matter of law. . ." (Emphasis supplied.)

Undoubtedly, the trial court's decision was predicated upon *Brinkley v. Dixie Const. Co.,* 205 Ga. 415 (54 SE2d 267) and *Walker v. Hall,* 122 Ga. App. 11 (176 SE2d 246). In *Brinkley* our court submitted to the Supreme Court this certified question: "Under the Georgia Acts of 1943, p. 538, § 1, as codified in the 1933 Code, § 74-204, does a bastard minor child or children, suing by next friend, have the legal right to recover for the tortious death of the father?" The Supreme Court answered in the negative. In doing so, it dealt only with

that statute which provides that "No court, commission, or quasi-judicial body shall discriminate against any person because of his illegitimate birth." In *Walker v. Hall,* supra, our court cited that Supreme Court decision and held that the words "child or children" in the wrongful homicide statute "do not include an illegitimate child or children." Thus, as appears from the trial court's judgment, the ruling sustaining the grant of a summary judgment for defendants was in accord with those adjudications and presumably the stipulation that the seven named plaintiffs "are the illegitimate children of the deceased, Willie Frank Andrews."

But the children here are legally legitimate, not illegitimate. By statute first contained in the Code of 1863 and continued in all subsequent codes so that it now appears in the 1933 Code as § 53-104, Georgia expressly declares that in such marriages as existed here "The issue of such marriage, before they are annulled and declared void by a competent court, shall be legitimate." Justice (later Chief Justice) Bond Almand explained this in *Campbell v. Allen,* 208 Ga. 274, 279 (66 SE2d 226): "Georgia abandoned the common-law rule that made the children of a void marriage illegitimate, and adopted the civil law rule that the issue of certain void marriages, before they were annulled, were to be considered legitimate. This change as to certain void marriages appeared in the Code of 1863 (§ 1657), and without any modification now appears as § 53-104, as follows: 'Marriages of persons unable to contract, or unwilling to contract, or fraudulently induced to contract, shall be void. The issue of such marriages, before they are annulled and declared void by a competent court, shall be legitimate.' It thus appears that the State of Georgia declared a policy as to the status and the issue of void marriages contrary to the common law. . ."

Thus, "Where there are two ceremonial marriages and the second is void because the man had previously married and was undivorced, the children of the purported second marriage are legitimate . . . where the second marriage had not been declared void and where the children were born before the commencement of a prosecution for polygamy." *Diggs v. Diggs,* 91 Ga. App.

634 (86 SE2d 639). Other cases holding similarly are *Perkins v. Levy,* 158 Ga. 896 (124 SE 799) and *Griffin v. Booth,* 176 Ga. 1 (167 SE 294). See also *Eubanks v. Banks,* 34 Ga. 407, 408 (3). We observe that all of these cases dealt with inheritance situations rather than the right to sue for a wrongful homicide. Nevertheless, the statute itself and these cases plainly show it is the declared policy of our state that children such as these plaintiffs who are the issue of a void marriage are not stigmatized as bastards, but specifically are declared to be legitimate. It should be noted that neither *Brinkley v. Dixie Const. Co.,* supra, nor *Walker v. Hall,* supra, mentioned this Code section nor any of these cases. We assume that they were familiar with these holdings and accordingly limited their denial of the right to sue for the tortious loss of a father to children born out of wedlock who came within the described category of "bastards" rather than the issue of "marriages of persons unable to contract, or unwilling to contract, or fraudulently induced to contract" as described in the statute which we hold applicable to the present plaintiffs.

Since there is no showing that the instant marriage was "annulled and declared void by a competent court" (using the words of the statute) the children are legitimate.

Does the erroneous stipulation of illegitimacy as recited in the trial court's judgment bind the plaintiffs? Such stipulation was not an agreement as to facts but amounted to an erroneous conclusion of law. "While, ordinarily, courts are bound by stipulations of litigants, that rule cannot be invoked to bind or circumscribe a court in its determination of questions of law. It has generally been stated that the resolution of questions of law rests upon the court, uninfluenced by stipulations of the parties, and, accordingly, virtually all jurisdictions recognize that stipulations as to the law are invalid and ineffective. The same rule applies to legal conclusions arising from stipulated facts." 73 AmJur2d 539, Stipulations, § 5. The stipulation of illegitimacy is an erroneous conclusion of law and is, therefore, invalid and ineffective. See *Sapp v. Kitchens,* 124 Ga. App. 764 (186 SE2d 121); *Heavey v. Security Management Co.,* 129 Ga.

App. 83 (198 SE2d 694). See also *Fullington v. Williams,* 98 Ga. 807, 809 (27 SE 183); *Montrose Banking Co. v. Ford,* 155 Ga. 222, 228 (116 SE 783).

Since there was no showing of illegitimacy, genuine issues of material fact remain to be tried and the grant of summary judgment was error.

*Judgment reversed. Bell, C. J., and Quillian, J., concur.*

ARGUED NOVEMBER 4, 1974 — DECIDED JANUARY 7, 1975.

*Walton Hardin,* for appellants.

*Fulcher, Hagler, Harper & Reed, John I. Harper,* for appellees.