### 54712. P. C. GAILEY CONTRACTORS, INC. v. EXXON COMPANY, U. S. A.

McMURRAY, Judge.
P. C. Gailey Contractors, Inc. is engaged in the grading and contracting business, doing maintenance work on the roads and highways of the State of Georgia. In the course of this business Gailey purchased special fuels from Exxon Company, U. S. A. In purchasing the special fuels Gailey claimed an exemption from the taxes levied under the Motor-Fuel Tax Law, and the special fuels were sold by Exxon to Gailey without additional charge for

---

[1] Abbreviation used here in lieu of the words uttered by defendant implying incestuous conduct.

these taxes. An audit of Exxon's records resulted in an assessment of taxes due under the Motor-Fuel Tax Law (Code § 92-1403, as amended, Ga. L. 1937, pp. 167, 174; 1955, Ex. Sess., pp. 52-54; 1966, pp. 61, 62; 1971, pp. 81-83) against Exxon on the sales of the special fuels to Gailey. Exxon paid the taxes and then brought this action against Gailey for reimbursement.

The plaintiff's motion for summary judgment was granted, and defendant appeals. Defendant contends that issues of material fact are created by evidence of defendant's reliance upon statements of agents of the Department of Revenue that defendant was exempt from taxes on the purchases of the special fuels. *Held:*

1. Plaintiff has moved for a dismissal of this appeal, contending that the questions raised by defendant's sole enumeration of error have been made moot by the action of defendant's attorney in conceding to plaintiff's motion for summary judgment. Plaintiff's motion is denied. Parties may not by stipulation fix or change the law. *Heavey v. Security Mgmt. Co.,* 129 Ga. App. 83, 84 (198 SE2d 694). Stipulations to the law are invalid and ineffective. *Andrews v. Willis,* 133 Ga. App. 697, 699 (212 SE2d 24). The letter to the trial judge by counsel for defendant conceding "to the above said motion" which is somewhat ambiguous as to its meaning as between counsel for both parties and the trial judge does not estop or render moot an appeal of the grant of the motion for summary judgment.

2. Defendant, by its assertion of reliance on the statements of agents of the Department of Revenue, apparently seeks to show that the evidence creates a material issue of equitable estoppel by conduct. The doctrine of estoppel by conduct is predicated upon a change of position to the hurt of one of the parties acting on the representations or conduct of the other. Code § 38-116; *Morgan v. Maddox,* 216 Ga. 816 (1d), 819 (120 SE2d 183). Here the defendant has neither raised the issue of estoppel by its answer nor presented any evidence of a change in position detrimental to the corporation occurring as a result of reliance upon the alleged erroneous advice given the corporation by agents of the Department of Revenue. Furthermore, the state cannot

be estopped by the unauthorized actions of its agents or officials, be they negligent or intentional in character. The state can only be estopped from asserting "her right to her own property" by legislative enactment or resolution. The state is bound only by its laws and everyone must take notice thereof and recognize that public administrative officers cannot change the laws. *Henderson v. Carter,* 229 Ga. 876, 880 (3) (195 SE2d 4). See also Code § 89-903. The court did not err in granting plaintiff's motion for summary judgment.

3. Since it is very doubtful that this appeal was brought for delay only, we refuse to award 10% damages as a penalty. *Quillian v. Mabry,* 88 Ga. App. 817 (3) (78 SE2d 97); *Bragg v. Bragg,* 224 Ga. 294 (2), 297 (161 SE2d 313).

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

ARGUED OCTOBER 4, 1977 — DECIDED NOVEMBER 10, 1977.

*Andrew J. Hill, Jr.,* for appellant.
*Thomas M. Strickland, John E. Kardos,* for appellee.